## Overholt *versus* National Bank of Mt. Pleasant.

1. Wherever a national bank resorts to a suit to recover a debt upon which it has stipulated to take, or has taken illegal interest, the forfeiture of the entire interest follows as a necessary result, under the 30th section of the Act of Congress of the 3d of June 1864.

2. Where there has been a series of renewal notes given for the continuation of the same original loan or advance the taint of usury in the first transaction follows down the descent through the whole line, and when therefore the bank sues to recover its debt on the last of the series of renewal notes, the borrower is entitled to credit for all the interest he has paid from the beginning on the loan, and not merely to the excess above the lawful rate.

3. The defendant was not entitled to defalk the usurious interest on a note which was not in suit.

October 27th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas of *Westmoreland county*: Of October and November Term 1876, No. 242.

This was an action of assumpsit, brought by the First National Bank of Mount Pleasant against B. F. and C. S. R. Overholt, trading as B. F. Overholt & Co., upon two promissory notes, dated

[Overholt v. Nat. Bank of Mt. Pleasant.]

July 6th 1876, for $2200 and $2000 respectively, at six months, made by B. F. Overholt & Co. to the order of C. S. R. Overholt, at the First National Bank, and endorsed by C. S. R. Overholt and B. F. Overholt & Co., which notes were discounted by said bank.

Defendants in their affidavit of defence alleged that upon various renewals on the first note in suit they had paid the plaintiffs $1057.16 as interest, at the rate of nine per cent. per annum ; upon renewals on the second note in suit, $1087.30 as interest, at the rate of eight and nine per cent. per annum, and upon the renewals upon a third note not in suit, for $4000, dated April 3d 1872, they had paid plaintiffs $1314.09 interest, at the rate of nine per cent., and claimed to set off double the amount so paid as interest on each note, making an aggregate of $6917.10, or so much thereof as would extinguish plaintiffs' claim. .

A rule for judgment for want of a sufficient affidavit of defence was taken by plaintiffs, which the court made absolute, and delivered the following opinion :—

"The cases of Brown v. Second National Bank of Erie, 22 P. F. Smith 209, and Lucas v. Government National Bank, 28 Id. 228, establish that whilst all the interest is forfeited upon the obligation in suit, yet that the forfeiture of double the interest cannot be defalked until acquired by recovery in action of debt. The affidavit of defence, therefore, in this case is good as to the interest of the obligation in suit, but not good in so far as it seeks to defalk double that interest. The same principle makes the affidavit at fault in trying to set off double the interest on previous renewals. As to these having been paid by the renewals, the liability to forfeiture of double the interest was incurred, but this, as we have seen, can only be enforced after recovery by action, Still the excess over the legal rate retained in these renewals can be set off.

"The $4000 note has its origin since the notes in suit, and is yet unpaid. Its excess interest, as well as penalty if recovered, can be defalked against its principal. The affidavit and its schedule advise us that this note is mature, and it is not alleged to be out of first hands. The balance yet due upon it exceeds the entire penalty, and no equity invites us to allow the usurious interest collected upon its renewals to be used as set off here. One danger of doing so is illustrated by the fact that this same note is sought to be used as a defence between the same parties in Nos. 513 and 514 of the same term as this. Wherefore [judgment is entered in favor of the plaintiff for $3485.18 (being principal of notes in suit, less excess interest paid), to which amount no sufficient affidavit of defence has been filed, and with the usual per cent. attorney's commission, and with leave to plaintiff to file forthwith his præcipe under Rule 13 as to balance of his claim.]"

There were three other cases : one against an endorser on one of the notes in suit : one against B. F. Overholt & Co. on other notes :

[Overholt *v.* Nat. Bank of Mt. Pleasant.]

and one against the endorser of the latter, which were ruled by the court as above in the same opinion, and which it was agreed should be determined by the decision in this cause.

The defendants took this writ and the errors assigned were : 1. In entering judgment for want of a sufficient affidavit of defence. 2. In entering judgment as above in brackets. 3. In refusing to allow defendants credit for the whole amount of interest charged, whether paid or not, both on the notes in suit, the previous renewals thereof, and on note or notes not in suit. 4. In refusing to decree forfeiture of all the interest paid on the several notes set forth in the affidavit of defence. 5. In refusing to allow the defendant to set off the excess of interest paid upon the $4000 note, and the series of renewals of which it was the last, said note being dated 14th February 1875, is unpaid, and not yet sued upon.

*Edgar Cowan* and *Markle & McCullough*, for plaintiffs in error.— If, as is decided in Lucas *v.* Government National Bank, 28 P. F. Smith 228, the interest bearing power of the notes was destroyed by charging illegal interest, then all the charge for interest and all interest paid should be an offset to the claim of the bank, and there is no limitation to time in which a defendant may defalk in claim against him by a national bank, all the interest charged on a note in which the interest was at any time beyond the legal rate. No *locus poenitentiæ* is or can be given to avoid forfeiture of the entire interest charged, although, perhaps, there may be for double the interest, if taken advantage of before receiving the money. [The claim for double the amount of interest made in affidavit of defence was not pressed in the argument.—REP.] See also Citizen's National Bank of Piqua *v.* Leming, 8 Int. Rev. Record 132. We should have been allowed to set off the excess of the interest we had paid on the $4000 note and its previous renewals. The court seemed to think that our claim was so connected with the debt out of which it arose, that it could be set off against no other as long as that debt was unpaid. In Thomas *v.* Shoemaker, 6 W. & S. 179, it was expressly decided that such a claim could be set off against another note, not the one upon which the excessive interest had been paid, and this ruling was approved in Lucas *v.* Government National Bank, *supra.*

*A. M. Fulton*, for defendant in error.—The plaintiff below moved for judgment under rule of court for want of a sufficient affidavit of defence. The court below entered judgment for the face of the notes, less all excess interest set up by the affidavit of defence on prior renewals, and the entire interest on the notes in suit. This, if the defendants' affidavit of defence had been correct, would have been in accord with the cases of Brown *v.* The Second National Bank of Erie, 22 P. F. Smith 209, and Lucas *v.* Government National Bank of Pottsville, *supra,* and as in this motion the affidavit

[Overholt v. Nat. Bank of Mt. Pleasant.]

of defence must be taken as verity, the court were right in entering such judgment. But as many of the prior notes recited in defendants' affidavit of defence were the notes of other parties, and the notes in suit bore only six per cent. interest, the plaintiff with leave of the court and under the rule stated its intention to go to trial for the balance of the claim above the amount of the judgment.

As the $4000 note is held by the plaintiff below and not yet sued upon—and its amount much exceeds any excess of interest that ever might have been charged upon it, or any notes for which it was given—it certainly should be lifted by defendants below, before a credit for usurious interest paid upon it can be allowed in this case.

Mr. Justice SHARSWOOD delivered the opinion of the court November 13th 1876.

The 30th section of the Act of Congress of June 3d 1864, under which the defendants in error were organized and incorporated as a national bank declares that "the knowingly receiving, reserving or charging" by a national bank, "a rate of interest greater than" that lawful in the state in which such bank may be located, "shall be held and adjudged a forfeiture of the entire interest which the note, bill or other evidence carries with it or which was agreed to be paid thereon; and in case a greater interest has been paid, the person or persons paying the same or their legal representatives may recover back in any action of debt twice the amount of interest thus paid from the association taking or receiving the same : provided, that such action is commenced within two years from the time the usurious transaction occurred."

It is very clear we think that Congress intended that the national banks should be effectually prevented, as far as legislation could prevent it, from either charging or receiving more than the legal rate of interest in the states in which they might be located and carry on their business. Experience had abundantly shown that to do this it would not be sufficient to provide that the excess over the lawful rate only should be illegal. These institutions of large capital would naturally exercise great power over those who should stand in need of their assistance ; for it is as true now as it was in the days of Solomon, " The rich ruleth over the poor and the borrower is servant to the lender." It was considered no doubt that it would be too severe a measure to provide that the debt itself should be forfeited or the security given for it declared void. That too had been tried in England and some of the United States, but was found not to arrest the practice, but only to increase the unjust gain of the usurer, who required to be indemnified by the needy borrower for the risk he run by a much increased rate. It was deemed a sufficiently effectual prevention to enact that wherever the bank violated the law by " knowingly receiving, reserving or charging," more than the lawful interest, they should recover none, and that

[Overholt v. Nat. Bank of Mt. Pleasant.]

where the unlawful interest had been voluntarily paid, the debtor should be entitled to recover as a penalty double the whole interest paid provided suit were brought within two years. Wherever the bank must resort to a suit, there the forfeiture of the entire interest when an illegal rate has been stipulated or taken, follows as a necessary result. It was abundantly shown in Campbell v. Sloan, 12 P. F. Smith 485, by numerous English and American authorities cited in the opinion of the court, that where there has been a series of renewal notes given for the continuation of the same original loan or advance, the taint of usury in the first transaction follows down the descent through the entire line. A renewal note is not payment of the original debt, and a new debt or novation in view of the usury laws, however it may be, if the parties so intend, as to other questions. If it were held otherwise nothing would be so easy as to evade the statute. What the creditor is entitled to recover is the original loan with lawful interest, and the borrower is entitled to credit for all that he has paid beyond what by law he was bound to pay. It is clear then as to the national banks that whenever they charge or stipulate for an illegal rate all payment of interest and not merely the excess is illegal. "The Illegal Act" as is well remarked by Mr. Justice Gordon in Lucas v. Government National Bank, 28 P. F. Smith 231, " destroys the interest bearing power of the obligation." " The receiving of such excessive interest is treated by the supreme power in the state as a public evil and as such prohibited; consequently when taken against the statutory prohibition, it is acquired without right and no title thereto vests in the taker. In such case he is to be held as one wrongfully in possession of his neighbor's property." It follows that when the bank resorts to legal proceedings to recover its debt on the last of the series of renewal notes, the borrower is entitled to credit for all the interest he had paid from the beginning on the loan and not merely to the excess above the lawful rate.

This question was not before the court, and was not decided in Brown v. The Second National Bank of Erie, 22 P. F. Smith 209. The only matters which could avail the plaintiff in error there, were the answers to the two first points which he made below. These were, that the bank could not recover any part of its claim, and that if it could the debtor was entitled to defalk double the amount of interest paid. These the court below refused, and their judgment was affirmed. His third point was, that he was entitled to credit for the excess of interest he had paid from time to time on the renewal notes; and his fourth was, that he was entitled to an abatement of all the interest on the note in suit; and these the court below affirmed. What is stated in the syllabus as decided by the court below—if indeed it was meant to say that the debtor could only set off the excess of interest on previous notes—was not involved in the affirmance of the judgment. In Lucas v. Govern-

[Overholt v. Nat. Bank of Mt. Pleasant.]

.ment National Bank, 28 P. F. Smith 228, the credit claimed was not for interest paid on former notes of which the note in suit was the last renewal, but upon entirely independent loans which had been paid in full; and the defendant claimed to defalk double the amount which he had paid. This the court held he could not do, but that he was entitled to defalk the usurious interest he had paid on previous transactions. The affidavit of defence stated that the defendant had paid not less than $3000 in excess of the legal rate of interest; and this, it was held, he had a right to defalk. Further than this it was not necessary to go in order to reverse the judgment and award a *procedendo*..

We are of opinion that the defendant below was not entitled to defalk the interest on the four-thousand-dollar note, which was not in suit. The words of the Act of Congress, "shall be held a forfeiture of the entire interest which the note, bill or other evidence carries with it," as was said in Brown v. The Second National Bank of Erie, have evident reference to the enforcement of the contract by judicial process. No action is given to recover back the interest charged, and if not, there can be no defalcation against an independent claim. *Non constat* that the principal of the four-thousand-dollar note will ever be sued for; but when it is, all the interest paid on the notes of which it is the last renewal will be a credit upon it.

Judgments reversed and writs of *procedendo* awarded.