## Stackhouse *v.* Lyon, Appellant.

*Costs—Continuance—Discretion of court.*

Where a case is continued at the request of and at the cost of defendant, and at the next term the defendant obtains a money judgment in his favor, on which the money is made, and thereafter the plaintiff files a bill of costs for the term at which the continuance was granted and issues execution thereon, the court cannot be convicted of error in refusing to strike off the execution. The defendant could have ruled the plaintiff to file his bill of costs before he issued execution to collect his judgment on the verdict. The whole proceeding is largely a matter of practice, and is subject to the discretionary direction in the court below.

. Argued Feb. 14, 1901. Appeal, No. 11, Feb. T., 1901, by defendant, .from order of C. P. Sullivan Co., Sept. T., 1896,

**398** STACKHOUSE *v.* LYON.

Statement of Facts—Opinion of the Court. [17 Pa. Superior Ct.

No. 38, discharging rule to set aside and strike off fieri facias for costs in case of Jeremiah Stackhouse v. Howard Lyon, trading as Lyon Lumber Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to set aside fieri facias for costs.

From the record it appeared that when the case was on the trial list in May, 1897, the defendant requested a continuance, which the court granted, and made the following entry in the common pleas trial list: " Case continued at request of and at cost of defendant. May 26, 1897." The case was tried at September term, 1897, and a verdict rendered in favor of the defendant for $1.93. Judgment was subsequently entered on this verdict, and a fi. fa. issued against the plaintiff for debt, interest and costs, which was returned by the sheriff as follows: " Money made and paid plaintiff's attorney," and the judgment duly satisfied by the prothonotary. Subsequently the plaintiff filed a bill of costs, claimed to be due him for May term, 1897, and the same day the bill was filed a fi. fa. issued. The defendant obtained a stay of this writ and a rule to strike off this fi. fa. on the ground that it was issued without authority of law under the state of the record in the case. The court in an opinion by DUNHAM, P. J., discharged this rule.

*Error assigned* was the order of the court.

*E. J. Mullen*, for appellant.

No paper book or appearance for appellee.

OPINION BY ORLADY, J., July 25, 1901:

An action of assumpsit was regularly at issue and on the trial list, when the defendant requested a continuance, which the court granted, and made the following order: " Case continued at request of and at cost of defendant." The case was tried at the next term of court and a verdict rendered in favor of the defendant, on which a judgment was regularly entered and an execution issued thereon, to which the sheriff made a return of money made. The judgment was then duly marked " satisfied"

397, (1901).] Opinion of the Court.

by the prothonotary. Subsequently the plaintiff filed a bill of costs for the term at which the continuance was granted and, under the act of May 3, 1889, issued an execution to enforce their payment. A rule to strike off the fi. fa. was granted at defendant's instance, which, after hearing, the court discharged and this appeal was then taken. The defendant could have ruled the plaintiff to file his bill of costs before he issued execution to collect his judgment on the verdict. The whole proceeding is largely a matter of practice and is subject to the discretionary direction of the court below. The defendant is not required to pay any more money than the order of the court required of him, and while the practice is loose, it is not so erroneous as to justify a reversal, and the order of the court is affirmed.