## Smith *v.* Smith, Appellant.

*Interest—Usury—Promissory note—Bonus for loan.*

1. In an action on a promissory note given for a loan, where it appears from the body of the note and from the evidence that the borrower gave to the lender four atlases as a bonus for the loan, the borrower is entitled to show the money value of the atlases, and deduct such amount from the interest for which he was lawfully bound.

2. In an action on a promissory note by a payee against the maker, where the defendant seeks to set off the value of certain work done for the plaintiff, and the plaintiff alleges that the work was done gratuitously, the defendant is not concluded by the fact that he had kept no book account showing the exact times when the services were rendered, and had sent no bills for them, and had not given notice that he was expecting to be paid for the services. Such facts, however, should be submitted to the jury with proper instructions as to their bearing upon the issue.

Argued Oct. 20, 1910. Appeal, No. 137, Oct. T., 1910, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1909, No. 2,974, on verdict for plaintiff in case of J. L. Smith v. Elvino V. Smith. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit on a promissory note. Before KINSEY, J.

The note is quoted in the opinion of the Superior Court.

At the trial the court refused under objection and exception to admit in evidence the market price of the four atlases mentioned in the note. [1]

[Then we come to the question of the note and the atlases that were to be given to him in addition to the amount of the note with interest. He says, "I will give you this money, but I want you to give me in addition as a favor to me, four of these atlases." He gave them to him and he got them. So that item is out of this case, having been introduced here to bolster up the set-off. I say to you as a matter of law, that does not prevail against this note, if you find the principal of that note due.] [2]

If you accept the plaintiff's statement, then he is entitled to his full claim. You will consider also the matter that has been introduced in the affidavit of defense, wherein for the first time Mr. Smith, the plaintiff, says he had knowledge of it, which work the plaintiff assumed defendant was doing gratuitously, and kindly, according to Mr. Smith's testimony; it did not amount to very much, anyway, in detail; he says the defendant was coming to his office, and had the run of the whole establishment,

without any unfriendliness, until, finally, Mr. Smith, plaintiff, says, "I want this account settled; the money I loaned you has to be paid. Now, let us have a settlement." Then comes the suit, and the affidavit of defense, wherein loom up all these answers. Are they honest and true answers? Were the services performed in the spirit in which Mr. Smith, plaintiff, says defendant performed them? If that is so, defendant is not entitled to be paid for such services. Or, on the other hand, will you accept defendant's view of the matter? [Did plaintiff have the knowledge that he would have had if they had been dealing at arm's length, such as by saying, "I did this work for you," or by the presentation of a bill or some claim being made to give him notice, which it was his right to have, for the reason that defendant could go on volunteering to do things and charge them up without knowledge upon the part of plaintiff, thereby plunging him into an indebtedness, and at the last moment come in and set such up as a defense.] [3]

Verdict and judgment for plaintiff for $548. Defendant appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (2, 3) above instructions, quoting them.

· *William E. Caveny,* for appellant, cited as to usury: Campbell v. Sloan, 62 Pa. 481; Overholt v. Bank, 82 Pa. 490; Hartranft v. Uhlinger, 115 Pa. 270; Earnest v. Hoskins, 100 Pa. 551.

*Archbald T. Johnson,* for appellee. ·

OPINION BY HEAD, J., March 3, 1911:

The plaintiff in this action seeks to recover, inter alia, the principal and interest due on a promissory note of which the following is a copy:

"PHILADELPHIA, Aug. 27, 1907.

"Three months after date I promise to pay to J. L.

Smith or order Three hundred & fifty dollars for money loaned, and will give him 4 Atlas 38 Ward (when published) for the loan.

"$350.00.

"(Signed)    E. V. SMITH."

It thus appears from an inspection of the note itself that the defendant, in consideration of the loan, agreed to give to the plaintiff something more than the interest fixed by law as the compensation due to the plaintiff, to wit, four atlases. The plaintiff himself in his testimony admits that the atlases were delivered to him and that they were a bonus for the loan. The defendant testifies that when the plaintiff came to give him the money he said, "I am not in business for my health and I want you to give me 4 atlases of the 38th ward in return for this loan." In his affidavit of defense the defendant had stated the proximate time of the delivery of these atlases, and as to this there was no denial.

The numerous decisions of our courts on contracts of this character leave no room for doubt as to the right of a debtor when sued upon such a contract. In Overholt v. Bank, 82 Pa. 490, Mr. Justice SHARSWOOD said: "What the creditor is entitled to recover is the original loan with lawful interest, and the borrower is entitled to credit for all that he has paid beyond what by law he was bound to pay." In Earnest v. Hoskins, 100 Pa. 551, Mr. Justice TURNKEY said: "It is immaterial in what form or pretense the usurious interest is covered in the contract. . . . No contract, however framed, is good if the ultimate effect would be to secure more than the legal rate of interest."

As against the plaintiff's demand for the money he had loaned with lawful interest thereon, it was the right of the defendant to show the value of the bonus he had been compelled to give to secure the loan, and this value the law would regard as a payment pro tanto on account of the interest which the plaintiff could lawfully demand and

receive.   When the defendant undertook to prove the market value of the atlases he had given, the learned trial court sustained a general objection to the testimony and excluded it.   In doing so we are of the opinion he fell into error and the first and second assignments must be sustained.

The defendant further sought to set off against the plaintiff's claim the value of certain work done and services rendered by the defendant for him.   The defendant testified that these services were rendered at the instance and request of the plaintiff and that the sums charged for such services were fair and reasonable.   The plaintiff, not denying that at least some of the work charged for had been done by the defendant, alleged that the defendant did such work gratuitously and without any intention of charging for his services.   This, of course, raised an issue of fact to be disposed of by the jury under proper instructions.   The plaintiff's theory was corroborated to some extent by the facts that the defendant had kept no book account showing the exact times when the services were rendered, and that although they covered a period of two or three years, no bills had been rendered and no demand for compensation made.   If the jury should find from the evidence that the services claimed for by the defendant were actually rendered to the plaintiff, at his instance and request, and were of value to him, a recovery by the defendant would not be prevented merely because he had not presented bills during the course of the dealing or had not given notice that he was expecting to be paid for such services.   In such a case it would be the duty of the learned trial judge to fairly submit these facts to the jury so that they might determine how far they strengthened the theory of the plaintiff or weakened the opposing contention of the defendant.

The third assignment of error complains that the charge of the court in this respect was of such a character that the jury might be misled to the conclusion that the defendant could not set off the value of such services be-

cause he had given no notice of his intention to charge for them. It is possible that if this were the only error assigned we might hesitate to reverse the judgment because the language used by the learned trial judge does not necessarily lead to such a conclusion. As the case must go back, however, on the remaining assignments, we feel obliged to say that the appellant's contention in this respect finds some warrant in the language of the learned trial judge, but this will doubtless be remedied upon another trial of the cause.

Judgment reversed and a venire facias de novo awarded.