# Smith, Appellant, *v.* Smith.

*Practice, C. P.—Set-off—Rules of court.*

1. Where the plea upon which a cause goes to issue gives notice that the special matter set up in the affidavit of defense will be relied upon as a set-off at the trial, and the evidence offered at the trial although lacking some elements of precision, is sufficient, if believed, to warrant a recovery, such evidence cannot be excluded because the items of set-off had not been averred with minuteness or detail required by a rule of court.

2. Rules of court are made to promote the administration of justice, and necessarily, the court making such rules must be allowed a wide discretion in their interpretation and application. It is only where the record shows a palpable and manifest abuse of such discretion that the appellate courts will interfere.

Argued Dec. 13, 1911. Appeal, No. 239, Oct. T., 1911, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1909, No. 2,974, on verdict for plaintiff in case of J. L. Smith v. Elvino V. Smith. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Assumpsit on book accounts. Before Magill, J.

From the record it appeared that the defendant, with his plea, gave notice that the special matter set forth in the affidavit of defense would be offered in evidence as a set-off at the trial.

One of the rules of the court of common pleas of Philadelphia county is as follows:

"Sec. 16. When the defendant claims a set-off or counterclaim, unless the matter be fully and specially set forth in the notice of special matter, or when he intends to defalk his own account or claim against the plaintiff's demand, or any part of it, he shall give a full and particular notice in writing of such intended set-off or counterclaim at least fifteen days before the day for which the cause is set down for trial, or he shall not be

424  SMITH, Appellant, *v.* SMITH.

Statement of Facts—Opinion of the Court.  [49 Pa. Superior Ct.

allowed to give in evidence any matter of set-off or counterclaim not particularly set forth in the notice."

When the defendant was on the stand, plaintiff's counsel made the following objection:

I desire to object to any evidence being given of this work done inasmuch as in the affidavit of defense the set-off is not—even taking the affidavit of defense to constitute notice of special matter and waiving that objection—it is not such notice of special matter as to entitle Mr. Caveny to put it in as a defense.

The Court: It being admitted that a letter was sent by counsel for defendant to counsel for plaintiff, and received, in which plaintiff's counsel was notified that under the plea of special matter the matter set forth in the affidavit of defense would be offered in evidence, the objection is overruled.

Exception to counsel for plaintiff. [1]

Verdict and judgment for plaintiff for $176.67. Defendant appealed.

*Error assigned* among others was (1) ruling on evidence, quoting the bill of exceptions.

*Archibald T. Johnson*, for appellant.—It has been held that where an offer of evidence includes matters not contained in defendant's notice of special matter, the evidence will be excluded: Hey v. Frazier, 4 Walk. (Pa.) 322; Mehaffy v. Lytle, 1 Watts, 314.

*William E. Caveny*, for appellee, cited: Haines v. Young, 13 Pa. Superior Ct. 303; Arnold v. Blabon, 147 Pa. 372.

OPINION BY HEAD, J., March 1, 1912:

The plaintiff's action is founded on a book account. The affidavit of defense, after denying the correctness of some of the items of the claim, about which there is now no contention, set up a counterclaim in favor of the defendant amounting to a considerable sum. The plea upon

which the cause went to issue gave notice that the special matter set up in the affidavit would be relied on by the defendant at the trial to answer pro tanto the plaintiff's claim. As to the balance over and above this set-off and the other matters mentioned, no defense was made.

Upon the trial, when the defendant came to offer proof in support of his set-off, objection was made that, under the rule of the trial court, the items of set-off had not been averred with sufficient minuteness or detail to warrant the reception of the evidence; and the appellant now chiefly complains that the learned trial court interpreted and administered its own rule with too much liberality in receiving evidence in support of the set-off over the plaintiff's objection. It does not appear that the defendant kept a book account showing the precise days and dates on which the work he alleged to have done was performed nor the specific value of each day's work as it was done. When this case was heard before, chiefly on another branch of it, Smith v. Smith, 45 Pa. Superior Ct. 353, we said: "The plaintiff's theory was corroborated to some extent by the facts that the defendant had kept no book account showing the exact times when the services were rendered, and that although they covered a period of two or three years, no bills had been rendered and no demand for compensation made. If the jury should find from the evidence that the services claimed for by the defendant were actually rendered to the plaintiff, at his instance and request, and were of value to him, a recovery by the defendant would not be prevented merely because he had not presented bills during the course of the dealing or had not given notice that he was expecting to be paid for such services." It was of course impossible for the defendant to embrace in his affidavit averments more specific or detailed than were warranted by the evidence he could produce in support of them. If that evidence, legally speaking, although lacking desirable elements of precision as to dates, etc., was sufficient, if believed, to warrant a recovery, there could be no just ground for such an interpreta-

tion of its rule by the learned court below as would exclude it. Moreover, it is a well-established principle that rules of court are made to promote the administration of justice, and necessarily, the courts making such rules must be allowed a wide discretion in their interpretation and application. It is only where the record shows a palpable and manifest abuse of such discretion that the appellate courts would interfere.

Nor can we see that the testimony of the alleged experts was not fairly relevant to the issue on trial or that the learned trial judge failed to adequately present to the jury the issues of fact raised by the pleadings and evidence.

Upon an examination of the entire record we are all of the opinion that the case was properly tried and that the judgment of the court below should not be disturbed. The assignments of error are all dismissed.

Judgment affirmed.