## Frew v. Dague

*Charles W. Eaby* and *John E. Malone*, for plaintiff.
*Windolph & Mueller*, for defendant.

SCHAEFFER, J., October 27, 1933.—The defendant appealed from the taxation of costs. The facts relating to the question of law at issue are not in dispute. Suit was brought on May 19, 1931. The case was on the October trial list for the week beginning October 24, 1932. On the call of the list on October 17, 1932, it was duly set for trial, and would have been tried in due course during the week of October 24, 1932. On October 25, 1932, counsel for defendant moved for a continuance on the ground of the sudden illness of defendant, preventing him from appearing in court. The continuance was allowed by the court "at the defendant's costs." On the same day, plaintiff filed a bill of costs for that term amounting to $17.30. These costs were not paid by defendant. Subsequently the case was tried on May 3, 1933, and a verdict rendered for the defendant, from which no appeal was taken. A witness bill was then filed for the defendant. .The total amount of all the costs in the case was $82.97, which included said item of $17.30. The prothonotary taxed all the costs against the plaintiff except the item of $17.30 referred to, which was taxed against the defendant. From the latter taxation defendant took this appeal.

The defendant contends that the final verdict in his favor determined conclusively that the plaintiff had no cause of action and that the defendant had been wrongfully sued; that the order made by the court in granting the continuance meant that the defendant was in the first instance to pay the costs due plaintiff's witnesses; and that if defendant had paid the said amount of $17.30 it could be recovered subsequently by the defendant, together with all other costs of suit.

This position seems contrary to the practice heretofore prevailing in this court. Under the Rules of the Court of Common Pleas of Lancaster County, rule 42, sec. 4, it is provided: "Any continuance after the call of the list shall be at the costs of the party applying for such continuance." Rule 27, sec. 5, of the same rules of court provides: "Where the payment of costs is prescribed as a condition for the continuance of a cause, the cause shall not again be placed upon the trial or argument list at the instance of the party in default, until such order is complied with."

In Arnold v. McKelvey, 26 Dist. R. 717 (1917), the court in its opinion said: "Costs in Pennsylvania are statutory. In Black's Appeal, 106 Pa. 344, which was a feigned issue to test the ownership of certain money which had been attached in the hands of a garnishee and paid into court, the verdict was for the defendant, and the court directed that one-half of the costs be paid by the

plaintiff and the other half by the defendant. On appeal to the Supreme Court, it was held that the costs follow the verdict and judgment as in ordinary common law cases, and the court has no power to make any order the effect of which will be to prevent the winning party from proceeding to collect full costs from the losing party.

"In delivering the opinion of the court in Black's Appeal, 106 Pa. 344, Mr. Justice Sterrett says, at pages 348 and 349: 'At common law no costs were allowed, the amercement of the vanquished party being his only punishment, but in assessing damages costs were generally considered by the jury and included in their verdict. Costs, eo nomine, were first given to plaintiffs by the Statute of Gloucester, 6 Edw. I, c. 1. Afterwards, by Statutes 23 Henry VIII, c. 15, 4 James I, c. 3, 8 and 9 William III, c. 12, and 4 and 5 Anne, c. 16, the successful defendant was allowed the same costs as the plaintiff would have been entitled to if he had recovered: 4 Minor's Institutes, 788; 3 Blackstone, 399. With some statutory limitations and qualifications, which it is unnecessary to specially notice, the rule thus established in England has always been recognized and enforced here. In equity the practice is different, but in actions at law the general rule undoubtedly is that costs follow the judgment; and hence it is incumbent on an unsuccessful litigant, who claims either partial or entire relief from the costs of suit, to point to the statute that warrants exemption from the burden.' See, also, Bennage v. Union County, 22 Pa. C. C. Reps. 342; Scott v. Borough of Fairfield, 23 Pa. C. C. Reps. 114; Maxwell v. Ludwick Borough, 7 Dist. R. 523; Savage v. McHale, 8 Dist. R. 560; Beardsley v. Plank Road Co., 5 Clark, 306; Small v. Arnhold, 17 Phila. 256.

"There is no act of assembly in Pennsylvania which imposes the costs of the term upon the party at whose instance or by reason of whose default the continuance is granted, and the defendant relies wholly upon section 50 of the rules of court above quoted to support his contention as to the costs for January court, 1913. The question, therefore, is as to the power of the court over costs. . . . A successful plaintiff's right to recover full costs and his exemption from the payment of any costs to the defendant in an action of trespass, is not a matter of practice, but one of statutory right, and while the court may, as a matter of practice, impose the costs of the term upon the party by reason of whose default a continuance is granted, such costs follow the final judgment, the same as the other costs of the parties to the action."

In Stackhouse v. Lyon, 17 Pa. Superior Ct. 397 (1901), a continuance was granted at the request of and at the cost of the defendant. The defendant later obtained a money judgment in his favor and an execution was issued thereon, to which the sheriff made a return of money made, and the judgment was marked satisfied. Subsequently plaintiff filed a bill of costs for the term at which the continuance was granted and issued execution thereon to enforce payment. A rule to strike off the fi. fa. was granted at defendant's instance, which the court discharged. Judge Orlady in his opinion said: "The defendant could have ruled the plaintiff to file his bill of costs before he issued execution to collect his judgment on the verdict. The whole proceeding is largely a matter of practice and is subject to the discretionary direction of the court below. The defendant is not required to pay any more money than the order of the court required of him, and while the practice is loose, it is not so erroneous as to justify a reversal". In Rauhauser v. York Manufacturing Co., 24 York 135 (1910), Bittenger, P. J., said: "The regular practice is to impose the costs of the term upon all parties who ask for a continuance of the case for any valid reason, or make such continuance necessary by themselves or counsel. It appears to be a just and equitable practice." The case involved the legal construction of the rules of court

providing: "If a case be regularly on the list for trial and be continued by the Court at the instance of either party for cause shown, such continuance shall be upon the payment of costs by the party at whose instance, or through whose default, such cause shall not be tried." In Quirk v. Costello, 1 Pa. C. C. 264 (1886), a Schuylkill County case, where a case was on the trial list and plaintiff subsequently moved for a continuance on the ground of illness, after defendant and his witnesses were in attendance, the court ordered that the plaintiff pay the costs of the term in granting the continuance. In Finley v. Hanbest, 1 Phila. 400 (1852), the case was continued on account of the absence of a witness for defendant, on payment of the costs of the term. The order as to payment of costs was sustained on an appeal from taxation of costs. In a Lancaster County case, Eakert v. McCord et al., 15 Lanc. 333 (1898), Judge Brubaker said in his opinion: "It has been asserted on the one hand and conceded on the other, that the disposal of costs in the continuance of causes is largely within the discretion of the Court. The Court has undoubted power to control its trial lists and therefore to prescribe terms or conditions of continuance." The local rule then in force provided: "Where the payment of costs is prescribed as a condition for the continuance of a cause, the continuance shall not be entered until the costs are actually paid, unless the Court shall otherwise direct." The case on the trial list was continued at the request of the plaintiff on account of the sickness of a material witness, at the cost of the plaintiff, and so marked on the record.

In Logan v. Carnes, 44 Pa. C. C. 32 (1916), both the rule of court requiring the party at whose instance the continuance is obtained to pay the costs thereof, and the Act of May 10, 1871, P. L. 265, relating to amendments and costs pursuant thereto, were considered. That act provides: "That in all actions pending or hereafter to be brought in the several courts of this commonwealth, said courts shall have power, in any stage of the proceedings, to permit an amendment or change in the form of action, if the same shall be necessary for a proper decision of the cause upon its merits; the party applying to pay all costs up to the time of amendment, and the cause to be continued to the next court if desired by the adverse party." The court held that under the peculiar facts of the case the rule of court suggested the propriety of the continuance being at plaintiff's costs, but if there should be any doubt concerning the interpretation of the rule of court, the act of assembly governed the continuance due to an amendment of plaintiff's statement of claim.

The Act of April 15, 1907, P. L. 83, is not applicable because it relates to appeals to the appellate courts and provides that the "final decision" determines which party shall pay the costs, and not the outcome of any particular appeal. See Tressler v. Emerick, 84 Pa. Superior Ct. 461 (1925), a Lancaster County case, in which the lower court dismissed the appeal from taxation of costs. In that case the confessed judgment was opened, an appeal taken to the Supreme Court, and the case remitted, whereupon a verdict was rendered for plaintiff. In the taxation of costs the prothonotary refused to credit the plaintiff with the costs of the appeal to the Supreme Court.

Under the Act of June 16, 1836, P. L. 784, sec. 21, "Each of the said courts shall have full power and authority to establish such rules for regulating the practice thereof respectively, and for expediting the determination of suits, causes, and proceedings therein, as in their discretion they shall judge necessary or proper: *Provided,* That such rules shall not be inconsistent with the constitution and laws of this commonwealth."

In Smith v. Smith, 49 Pa. Superior Ct. 423 (1912), it was decided that rules of court are made to promote the administration of justice, and the court in

232

making such rules must be allowed a wide discretion in their interpretation and application.

There is considerable merit to the legal position of defendant, and the Northampton County case of Arnold v. McKelvey, supra, supports it. Nevertheless, the practice in Lancaster County for many years has been to the contrary. Undoubtedly the general rule is that costs follow the judgment, but the court is of the opinion that the local rules of court in question promote the administration of justice and expedite the determination of suits under the Act of 1836 above cited. It may be argued that it is not a matter of practice but one of statutory right. The Superior Court in Stackhouse v. Lyon, supra, said: "The whole proceeding is largely a matter of practice and is subject to the discretionary direction of the court below." The rules could be interpreted in the light of defendant's contention, but the court feels justified, under the authorities herein cited, and for the reasons set forth, in concluding that where a case is continued and the court directs the costs of such continuance to be paid by the party applying for the continuance, the order is not governed or changed by the ultimate determination of the case.

Accordingly, the defendant's appeal from taxation of costs in the above cause is dismissed, and the taxation of costs as made by the Prothonotary of Lancaster County is affirmed.      From George Ross Eshleman, Lancaster, Pa.