## Caromono et al. v. Garman et al.

*Ralph B. Umsted*, for plaintiffs.
*Abram Orlow*, for defendants.

GORDON, JR., P. J., September 4, 1941.—The question presented for decision in this case involved the application of two of our rules of court to a situation in which, in our judgment, a strict enforcement of them would work a substantial injustice to plaintiff. The action is in trespass for damages for personal injuries arising out of an automobile accident. The original defendants, Garman and Balzano, were the owner and operator respectively of the vehicle which caused plaintiff's injury. On March 8, 1939, 61 days after service of process on him, defendant Garman issued and served a writ of scire facias to bring in as an additional defendant in the case Otto Klauss, who was an automobile repairman and the actual employer of Balzano, who

was returning the car from Klauss' repair shop to Garman, the owner, at the time of the accident. The writ was issued one day after the 60-day period allowed by our rules for bringing in additional defendants without special leave of court. Instead of appearing after service of the writ, and moving with reasonable dispatch for a vacation of the process thus irregularly issued against him, Klauss completely ignored the matter. He entered no appearance, either personally or by counsel, filed no pleadings, took no part in either of the two trials of the case, and waited in silence for over a year until March 21, 1940, when, after final judgment had been entered, he filed the rule to open the judgment and to strike off and set aside the writ, from our action in discharging which the present appeal is taken.

The rule sought the opening of the judgment and setting aside of the writ on two grounds: First, that plaintiff had neglected, after the court had granted a new trial, to serve upon the additional defendant a copy of the order to place the case again on the trial list, as required by rule 69 of our rules of court; and, second, that the whole proceeding was void, since the sci. fa. had been issued one day after the 60-day period from service of the original process in the case, in violation of rule 226(4), which was in force at the time, and which provided that no such writ should issue after 60 days from the service of process on the original defendant, unless the time for issuing such a writ is extended by special order of court.

The rules of court are regulations of practice designed to promote order and dispatch in the administration of justice, and their application and enforcement are peculiarly within the control of the court itself. As was said in Smith v. Smith, 49 Pa. Superior Ct. 423:

"Moreover, it is a well-established principle that rules of court are made to promote the administration of justice, and necessarily, the courts making such rules must be allowed a wide discretion in their inter-

pretation and application. It is only where the record shows a palpable and manifest abuse of such discretion that the appellate courts would interfere."

Time limitations fixed by court rules are mere regulations of practice; they neither abolish nor create rights, and in this respect are not analogous to statutes of limitation, as to the operation of which a court has no discretionary power. Limitations of the latter kind cannot, of course, be waived, or their operation suspended; the former, however, not being prescribed by law, are more flexible, and can be waived or moulded in the discretion of the court establishing them in order to do full and exact justice in particular cases.

In the present case the additional defendant's total disregard of the process until after judgment was entered against him indicates such an indifference to his legal responsibilities as to strongly suggest an effort to pervert the rules of court from their proper function of promoting exact justice between litigants. His neglect to enter his appearance of record would have justified the taking of summary judgment against him, and gives him little standing, therefore, to complain that plaintiff, accepting at its face value his refusal even to appear in the case, omitted to give him a copy of the order to place the case on the trial list. His present predicament is the result of his own deliberate election to gamble on the outcome of litigation which he chose to ignore, and he should not now be permitted to rob plaintiff of his victory and subject him to the delays, expense, and risks of a third trial of the case.

By his uniform conduct in refusing to appear in the case, in making no complaint when it was first ordered on the trial list as to the irregularity in the issuance of the writ, and in absenting himself from the first trial, defendant said to plaintiff, in effect, that he intended to have nothing to do with the case, and that service of any papers upon him would be useless. He thus invited the very omission that occurred; and it was too late

after the trial was over and final judgment entered to become captious about the observance of rules which are designed primarily for the protection of those who intend to participate in the proceedings and who would be benefited by their observance.

Errors in procedure, which do not substantially affect the rights of the parties, should be taken advantage of within a reasonable time after they occur, or are discovered, so that amendment or correction may be made and the matter promptly proceeded with upon its merits. If no complaint is made within a reasonable time, such errors may be considered to have been waived. This is especially so where the court is allowed to proceed to a full and final determination of the case on its merits. To hold otherwise would enable a party to await a decision and to accept it if it were in his favor, but, if it were against him, to reject it and then meticulously search the record for some trivial error in the proceedings which he chose not to object to at the time it occurred.

It is also not without significance that the additional defendant made no complaint against the verdicts rendered in the first trial, which totaled only $125, and complained only after the second trial increased the total recovery to $335, and when the statute of limitations had so nearly run that his motion did not become ripe for decision by us until after any other action against him by plaintiffs had been barred by it.

The additional defendant's contention with respect to the irregularity in the issuance of the writ seems to be based upon certain language used in the case of Smith v. Smith, supra, in which the Superior Court characterized a writ issued after the expiration of the period fixed by the rule as "void"; and from this it is argued that we were without jurisdiction to proceed further in the case against him. While it may be conceded that, if the writ were technically void ab initio, subsequent proceedings under it would be nugatory,

we are not persuaded that in using that word in its opinion in the Smith case the court was either compelled by the ratio decidendi, or intended, to stress the distinction between void and voidable writs. The added defendant there had appeared seasonably after service of the writ, and on his motion the lower court quashed it for the irregularity in its issuance. In such circumstances we think that the use of the word in question by the Superior Court in affirming the action of the court below does not necessarily imply that, had the appeal been from a refusal to quash the writ for a reason well within the exercise of a sound discretion, the lower court would have been reversed on the ground that the writ was void rather than voidable. The statute puts no limitation upon the period within which a sci. fa. may issue, and the very court rule which prescribes the 60-day limitation provides also for an extension of that time by special allowance. This clearly indicates an intention to retain control over the use of the writ after the specified period, in order to prevent injustice in a proper case, rather than to establish an arbitrary and absolute limitation on the action; and we see no reason why such control should not be exercised after the running of the period as well as before, by declining to enforce the rule, when to do so would appear to work an unfair hardship on one of the parties.

It is altogether probable that we would have vindicated our rule and set aside the writ had the additional defendant appeared and invoked it with reasonable promptness. We think, however, that by delaying doing so until such action on our part would have forever barred plaintiffs from securing from him legal redress for their injuries, he forfeited the right to a quashing of the writ as a matter of course, and cannot complain, in the circumstances, of a careful and just scrutiny of the consequences of enforcing the rule.

It was for these reasons that we discharged the additional defendant's rule to open the judgment and set aside the writ.