93     77
26 SC ¹213

## Fritz *versus* Heyl.

1. An action upon a promissory note was improperly brought in the name of one who was not the owner of the note. By consent the record was amended, so that the action stood in the name of the original plaintiff to the use of the real owner. The defendant then offered to prove that the legal plaintiff had no interest in the suit, and it had been brought without his knowledge, which offer the court rejected. *Held*, that this was not error.

2. The proper amendment would have been to strike the name of the original plaintiff from the record, but as the amendment was a formal one, which the court below was authorized to make, the Supreme Court will regard it as having been made.

January 9th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county:* Of July Term 1878, No. 107.

Assumpsit by Walter Heyl against Peter Fritz, on a promissory note, made by the defendant to the order of J. R. Casselberry, by whom the same was endorsed. After the cause was at issue, a rule was granted to show cause why the record should not be amended so that it would read, " Walter Heyl, to the use of A. L. Bonaffon *v.* Peter Fritz," which rule was by consent made absolute.

At the trial, before Biddle, J., the plaintiff gave in evidence the note and rested. The defendant then offered to prove " that Heyl, the legal plaintiff, had no right, title or interest in the note produced, at the time this suit was instituted, or since, and that the suit was brought in his name, without his knowledge or consent, and that the note was never delivered to him, or accepted by him, or on his account."

The plaintiff objected, and the court sustained the objection. The verdict was for plaintiff, and after judgment thereon, defendant took this writ, and alleged, inter alia, that the court erred in refusing his offer.

*Arthur C. Selden* and *George S. Selden,* for plaintiff in error.— Long after the cause was at issue, the record was amended so as to read, " Heyl, to the use of Bonaffon." The effect of this amendment was merely to show that Bonaffon was the beneficiary, and in no wise changed the status of Heyl. It was certainly competent for the defendant to show upon the trial that Heyl had never had the title to the note in suit, and that he had never authorized the suit to be brought in his name. If he did not have any title, then there could be no recovery in the suit: Railroad Co. *v.* Wilcox, 12 Wright 68 ; Chambers *v.* Davis, 3 Whart. 48 ; Armstrong *v.* City of Lancaster, 5 Watts 68 ; Insurance Co. *v.* Smith, 1 Jones 124.

*John D. Yarrow* and *John O. Bowman,* for defendant in

[Fritz *v.* Heyl.]

error.—Title to the note passed by mere delivery after it had been endorsed in blank by the payee, and the defendant could not question the title of the plaintiff, except to protect himself from a subsequent suit, by some one having a better title, who had not acquiesced in the suit. This is a well-established rule : Austin *v.* Birchard, 31 Vt. 593; Ellicott *v.* Martin et al., 6 Md. 509. In Gage *v.* Kendall, 15 Wend. 640, it was held that the holder of negotiable paper may bring suit in the name of a person having no interest in it, and it is no defence that the suit be thus brought without the knowledge or authority of the nominal plaintiff. The same rule is established in many other cases: Golder *v.* Foss (1 Ludden) 43 Me. 364; Richards *v.* Betzer, 53 Ills. 466 ; Gushee *v.* Leavitt, 5 Cal. 160.

The defendant below was not injured, nor deprived of any defence he could have to the payment of the note, by having suit brought in the name of Heyl. This was done at the instance of the real owner. Heyl did not object to the use of his name, and it was certainly not in the power of the defendant to object for him.

Mr. Justice MERCUR delivered the opinion of the court, January 26th 1880.

This was a suit against the plaintiff in error on a promissory note drawn by him to the order of Jacob R. Casselberry, and endorsed by the latter. It was brought in the name of Heyl. An affidavit of defence was filed alleging the note was not the property of Heyl but belonged to A. L. Bonaffon, to whom it had been paid. A rule was then taken to show cause why the record should not be so amended as to read Heyl to the use of Bonaffon. This was made absolute by consent.

After the note had been given in evidence without objection, the plaintiff in error, by several offers, in substance, offered to show by Heyl that he did not get the note from Casselberry as alleged in the declaration, and never had the possession or ownership of it, and that the suit was brought without his knowledge or consent. The counsel for the defendant in error admitted that Heyl had no interest in the note, and that Bonaffon was the real owner. The court rejected the offers of the plaintiff in error. The rejection is assigned for error.

It must be conceded, the suit should have been brought in the name of one who had some interest in the note, or consented that his name be so used ; but through the action of the plaintiff in error and for his benefit the name of Bonaffon was added to the record as the real party. The alleged defence was thereby made clearly admissible. Both parties agreed that Bonaffon was the actual owner of the note. He so stood on the record. Fritz was not shut out from any defence he might have made if the case had

[Fritz v. Heyl.]

stood in the name of Bonaffon alone. On motion the name of Heyl could have been stricken from the record. Regularly it should have been done. As it could have been so amended we may consider it as having been done. No new or different cause of action is introduced. No substantial benefit was denied to the plaintiff in error. The amendment under all the circumstances, is a formal one, and gives no just cause of complaint.

Judgment affirmed.