## Brennan, Adm'r, v. Prudential Insurance Co., Appellants.

*Life insurance—Insurable interest—Defence to suit on policy.*

Where a policy of life insurance was by its terms payable to the administrator of the insured, and after the death of the insured, in a suit upon the policy by the administrator, the company defendant set up in an affidavit of defence that the policy was issued and delivered to a third party, who took it and paid all the premiums on it as beneficiary, and that such third party had no insurable interest in the life of the insured,

*Held,* that the affidavit was insufficient.

*Practice—Rules of court—Court to interpret its own rules.*

Each court is the best judge of its own rules, and the Supreme Court will not interfere with the construction put upon its rules by the court below unless for palpable abuse.

Argued Feb. 23, 1892. Appeal, No. 73, July T., 1891, by defendant, from judgment of C. P. Lackawanna Co., April T., 1891, No. 688, in favor of plaintiff, John Brennan, administrator of Margaret Brennan, deceased, for want of a sufficient affidavit of defence. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Assumpsit on a policy of life insurance.

Plaintiff's statement set forth a policy of insurance issued by defendant, payable to the executors or administrators of the insured, of whose estate plaintiff was administrator.    Defendant filed an affidavit of defence, alleging that the policy was taken out by a certain Catharine Lamb, who claimed to be a cousin of insured, but whom defendant company expected to prove to be no relation whatever to the deceased; that said Catharine Lamb was the real beneficiary in the policy, had paid the premiums thereon and claimed the benefit thereof.

No. 16 of the rules of court of common pleas of Lackawanna county provides: "When the sufficiency of an affidavit of defence is excepted to, the plaintiff shall file his exceptions, and thereupon a rule as of course shall issue," etc.    Plaintiff's attorneys filed the following paper: "Now April 14, 1891, plaintiff by his attorneys, Hitchcock and Newcomb, excepts to the sufficiency of defendant's affidavit of defence."    Subsequently defendant filed a more specific supplementary affidavit of defence. Upon this record the court, after argument, made absolute a rule for judgment for want of a sufficient affidavit of defence, no opinion being filed.

*Errors assigned* were, (1) entertaining the rule for judgment and making said rule absolute, no exceptions having been filed to the affidavit; and (2) making absolute the rule, sufficient affidavits having been filed.

*A. A. Vosburg, W. S. Hulslander* with him, for appellant.

*F. L. Hitchcock* and *E. C. Newcomb,* for appellee.

PER CURIAM, March 28, 1892:

We agree with the learned judge of the court below that the affidavit of defence was insufficient.    The policy of insurance in question was taken out on the life of Margaret Brennan. The insurance company defends upon the ground that the policy was issued and delivered to Catharine Lamb, who took it, and paid all the premiums on it which were paid, as beneficiary, and that the said Catharine Lamb had no insurable interest in the life of Margaret Brennan, being neither a creditor nor a relation. There would have been more force in this defence if the suit had been brought by Catharine Lamb.    It was brought, however, by the administrator of the estate of Margaret Brennan,

and we have been furnished with no sufficient reason why he may not recover.

We do not attach importance to the further objection that no exceptions to the affidavit were filed in the court below. That court is the best judge of its own rules, and we would not interfere with its construction of them, unless for palpable abuse. We do not find such in this case.

Judgment affirmed.