## Bartlick v. Josenhans, Appellant.

*Sale—Delivery of possession—Interpleader.*

In an interpleader it appeared that the defendant at one time owned the property in dispute, which was the furniture of a hotel of which he was the licensee. He sold the hotel lease, the license and the furniture, agreeing to take from the purchaser part cash and part notes. The purchaser not being able to raise all the cash secured a part of it from another to whom he gave a bill of sale of the furniture. This person sold the furniture to the plaintiff in the interpleader. Through all these transactions the furniture remained in the hotel, and the defendant knew of them all. He approved in writing of the bill of sale to the person who advanced the money, and knew that the property was to be left in the hotel, and there was evidence that he declared that the furniture was no longer liable for the debt represented by the notes, and that he would look to the proceeds of the business for the payment of the notes. *Held*, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued May 8, 1905. Appeal, No. 177, April T., 1905, by defendant, from judgment of C. P. Armstrong Co., Sept. T., 1904, No. 38½, on verdict for plaintiff in case of E. J. Bartlick v. William J. Josenhans. Before Beaver, Orlady, Smith, Porter, Morrison and Henderson, JJ. Affirmed.

Interpleader to determine the ownership of hotel furniture taken in execution as the property of A. C. Bailey. Before Patton, P. J.

The facts appear by the opinion of the Superior Court.

Plaintiff presented these points:

1. If the jury find from the evidence that A. C. Bailey gave the bill of sale for the goods in suit to Harry A. Smith with

the knowledge and consent of William J. Josenhans, and that Josenhans got the $1,000 paid by Smith for them, Josenhans is estopped from setting up fraud in the sale from Bailey to Smith, whether Smith ever took possession of the goods or not. *Answer :* Affirmed so far as it relates to the sale from Bailey to Smith. [5]

4. If the jury believe Josenhans knew of the sale to Smith from Bailey and got the money arising from that sale, and knew the goods were left in the Hotel Alexander for Bailey's use, he cannot claim the rights of a subsequent creditor without such notice and consent as he had and gave to the transaction, and, that as against Josenhans no actual delivery of possession on the subsequent sale to Bartlick by Smith and Bailey, was necessary to complete Bartlick's title to the goods. *Answer :* Affirmed as to the sale by Bailey to Smith, but as to that part of the point which says " that as to Josenhans no actual delivery of possession on the subsequent sale to Bartlick by Smith and Bailey, was necessary to complete Bartlick's title to the goods "—it is refused. [6]

Verdict and judgment for plaintiff.

*Errors assigned* among others were (5, 6) above instructions, quoting them.

*W. J. Christy,* of *McCain & Christy,* for appellant.—When, by the action of the parties, there has been a separation of the title and possession of personal property, courts will scrutinize and determine the real intention, and but little regard will be given to the form which it has taken or the name by which it is called : Barlow v. Fox, 203 Pa. 114 ; Stephens v. Gifford, 137 Pa. 219 ; White v. Gunn, 205 Pa. 229.

*H. A. Heilman,* of *McCullough & Heilman,* with him *F. C. Jones,* for appellee.—It has been shown by the plaintiff in this case that the retaining of the possession of the goods by A. C. Bailey did not injure the appellant, nor did the possession cause him to lend any credit on the goods, and in reply to the appellant's argument, we cite this principle of law : " Conveyances and transfers in fraud of creditors are void only as against those who may be injured thereby," which principle has been sustained in Bouslough v. Bouslough, 68 Pa. 495 ;

Fowler's Appeal, 87 Pa. 449 ; Shulze's Appeal, 1 Pa. 251 ; Tomb's Appeal, 9 Pa. 61.

OPINION BY PORTER, J., October 17, 1905 :

This is an appeal by the defendant from the judgment of the court below in an interpleader proceeding.  Had the title of the plaintiff been entirely dependent upon the bill of sale to him executed by Bailey, on February 24, 1904, it must under the evidence which was produced, as to the subsequent possession, have been held invalid, as against the creditors of the latter.  The property consisted of a part of the furniture in a hotel and was capable of an actual delivery.  And there being no evidence of a delivery of possession, actual, symbolic or constructive, under the provisions of said bill of sale, an execution creditor would have been entitled to binding instructions : Kendig v. Binkley, 10 Pa. Superior Ct. 463 ; Stephens v. Gifford, 137 Pa. 219 ; Barlow v. Fox, 203 Pa. 114 ; White v. Gunn, 205 Pa. 229.

The plaintiff had, however, acquired the title which had passed to H. A. Smith under a bill of sale to him executed by Bailey in August, 1903, which was executed under peculiar circumstances.  Josenhans, the appellant, was the owner of the property in question, and the lessee and licensee of the hotel in which it was used, the personal property in question being a part of the furniture used in operating the hotel.  He entered into an article of agreement, on August 19, 1903, with Bailey for the sale of the leasehold of the hotel, " together with his legal license to sell liquors," and part of the furnishing and furniture thereof, for the consideration of $5,000, and at the same time executed a bill of sale of the personal property in question, being the furniture referred to in the agreement, to Bailey ; $3,500 of the purchase money was to be paid in cash, and the balance to be secured by two notes of $750 each, one payable in three months and the other in six months.  Bailey could raise only $2,500 in cash, which amount he paid to the appellant, who thereupon delivered to him possession of the property, and the license to sell liquors was transferred.  Josenhans remained at the hotel where the property was, waiting for the payment of the remaining $1,000, both parties making efforts to find some person willing to advance the money.  There

was sufficient evidence produced at the trial to warrant a finding that Harry A. Smith agreed to buy the personal property in question and pay $1,000 for it, that both Josenhans and Bailey agreed to the same, that a bill of sale of the property to Smith was executed by Bailey and approved by Josenhans, who was then still living at the hotel where the property was. There was evidence from which it was proper to permit a jury to infer that the appellant, as well as Bailey and Smith, all understood that Smith intended to leave the property in the hotel, that it might be used by Bailey for the purpose of carrying on the very business which Josenhans had sold, and that when the property was so left in the hotel it was done in accordance with an arrangement which the appellant fully understood at the time he in writing approved the bill of sale. There was evidence that the appellant understood and declared that this property was no longer liable for his debt, and that he looked for the payment of the two notes which he held to the proceeds of the business which the use of this property enabled Bailey to carry on. The evidence overwhelmingly established that Josenhans was present when the bill of sale was executed, that he approved it in writing, and that he received the entire sum of $1,000 which Smith paid to Bailey, as the consideration for the sale. This completed the payment to him of the $3,500 which he was entitled to receive in cash upon the sale of the hotel with its furnishings, and he thereupon withdrew from the premises. This transaction which was intended by the parties to vest in Smith the title to the furniture, was in effect an incident of the sale of the entire property, hotel, license, good will and furniture by Josenhans, and was resorted to for the purpose of securing to him his cash payment. If the testimony was true, then this appellant was a party to the transaction which was intended to work a separation of the title and possession of the personal property in question, and he could not subsequently be heard to assert that he was intended to be defrauded by it: Zuver v. Clark, 104 Pa. 222. The case was for the jury, and there was no error in the entry of judgment upon the verdict by the court, under the question reserved.

The judgment is affirmed and the appeal dismissed at costs of the appellant.