## Automobile Securities Co., Appellant, v. Swisshelm.

*Practice, C. P.—Replevin—Affidavit as to value of goods re-plevied—By whom made—Attorney—Sufficiency.*

An affidavit as to the value of the goods in an action of replevin may be made by an attorney acting for the plaintiff corporation. Such an affidavit is for the purpose of enabling the prothonotary to determine the value of the property sought to be replevied and for the purpose of assisting him in fixing the amount of the bond. Where such affidavit is followed by the filing of a bond in the amount required, a writ of replevin will be sustained.

The plaintiff's act in causing its bond to be delivered to the prothonotary by the attorney, as part of the process then consisting of the præcipe, statement and affidavit, was plaintiff's declaration or publication of the attorney's agency and authority to make the affidavit of value, required by the statute.

Argued May 4, 1920. Appeal, No. 82, April T., 1920, by plaintiff, from order of C. P. Allegheny County, Oct. T., 1919, No. 884, quashing writ of replevin in the case of Automobile Securities Company v. John A. Swisshelm. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Rule to show cause why a writ of replevin should not be quashed. Before CARPENTER, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*John A. Metz,* and with him *John MacDonald,* for appellant.—The provisions of the act requiring an affidavit of the value are directory and not mandatory: Hill v. Mervine (No. 2), 13 District Reports 582; Endlich on Interpretation of Statutes, par. 439.

*James T. Buchanan,* for appellee, cited: Ammerman v. Stone, 11 District Reports 726; Griel v. Buckius, 114 Pa. 187; Wakely v. Sun Ins. Co., 246 Pa. 268; Mintz v. Tri-County Nat. Gas Co., 259 Pa. 477; Giordano v. St. Paul Fire & M. Ins. Co., 63 Pa. Superior Ct. 233; Galashevsky v. Camden Fire Ins. Assn., 63 Pa. Superior Ct. 511; Yeier v. Camden Fire Ins. Assn., 66 Pa. Superior Ct. 571.

OPINION BY LINN, J., July 14, 1920:

This is an appeal from an order quashing a writ of replevin. Plaintiff's affidavit filed under section 8 of the Replevin Act of April 19, 1901, P. L. 88 (amended by section 2 of the Act of March 19, 1903, P. L. 39), was held insufficient because (1) it was not made by an officer of the corporation, and (2) it did not contain statements of fact showing the authority of the agent who made it. For that conclusion the court relied on decisions defining what a sufficient affidavit of defense made for a corporation by an agent must contain. We perceive no controlling analogy between the two, nor does general consideration of the replevin act justify the order.

Section 8 as amended in 1903, P. L. 39, provides: "The prothonotary shall, in the first instance, fix the amount of bail and approve or reject the security offered. His action in either regard shall be subject to revision by the court or, in vacation time, a judge thereof at chambers. In order to determine the amount of bail, the plaintiff shall make an affidavit of the value of the goods and chattels, which value shall be the cost to the defendant of replacing them, should the issue be decided in his favor. The court, or in vacation time, a judge thereof at chambers may, upon motion, increase the amount of bail required; may require new bail, if for any reason the old bail has become insufficient, and may enter a non pros. against the party in default, if he has the goods and chattels, and its orders be not complied with, or may permit the substitution of bail for that already given and enter an exoneratur on the bail bond."

The Act of 1901 corrected the anomalous condition of the law theretofore existing. There was no statute requiring a sheriff to take a bond from a plaintiff in replevin except in replevin of distress for rent, but the practice was established by decision in analogy to the requirements of section 11 of the Act of March 21, 1772, 1 Sm. L. 370; Morris on Replevin, 3d ed., p. 298. Until 1901 the sheriff was responsible for the sufficiency of the sureties in such bonds until the suit terminated, (Watterson v. Fuelhart, 169 Pa. 612) modified for Philadelphia County by the special Act of April 10, 1873, P. L. 776, and for Allegheny County by the Act of May 19, 1871, P. L. 986. The Act of 1901 changed all this and established the practice in replevin for the State. The purpose was to simplify and not to complicate.

We have examined the original record which shows that on August 14, 1919, John MacDonald, a member of the bar, as attorney for plaintiff, signed and filed a præcipe, directing the prothonotary to issue the writ. Below the præcipe and on the same paper appears plaintiff's statement of claim also signed by MacDonald, "at-

torney for plaintiff." In the body of the statement of claim, following the averment of detention, it is stated, "and thereupon the said plaintiff by John MacDonald their attorney complains......" No question is made about the sufficiency of the præcipe or of the statement of claim. On the back of the same paper appears an affidavit by John MacDonald, made before William B. Kirker, prothonotary of the court of Common Pleas of Allegheny County, in which it is stated that "......the goods and personal property enumerated in the within writ of replevin, is the property of the plaintiff herein, the defendant having no title thereto and the same is of the value of $250." The paper is marked filed August 14, 1919, and MacDonald's name is endorsed on the back as the attorney presenting it. Attached to the record and also dated August 14th is the writ of replevin as issued and it recites that plaintiff "has filed a bond, which has been approved, in the court of common pleas in the sum of $500 pursuant to the act of assembly approved the 19th day of April, A. D. 1901......" The record also contains the bond of the plaintiff (with surety) purporting to be duly executed in its corporate name by its president under its corporate seal, attested by its assistant secretary; endorsed on the bond is the approval of William B. Kirker, prothonotary. Does it sufficiently appear that plaintiff corporation authorized MacDonald to make the affidavit on its behalf?

The writ was not issued until after the bond was delivered to the prothonotary; when he issued it he had before him the præcipe, statement of claim, affidavit quoted, and the filing and approval of the bond was recited in the writ itself. The sheriff replevied and delivered the property to plaintiff on August 15, 1919.

The next step was taken on September 5, 1919, when defendant obtained a rule requiring plaintiff to show cause why the writ of replevin should not be quashed, the reason therefor, now pertinent, being stated as follows: "4th. Petitioner further alleges and avers that the

writ of replevin in this case was issued without the plaintiff's having, before the issuing of the writ, made and filed the affidavit required by the first and eighth sections of the Act of April 19, 1901......"

Plaintiff answered that the "bond......was approved by the prothonotary......and that an affidavit of value of goods was sworn to by the plaintiff's authorized agent, before writ issued." After argument on petition and answer, the writ was quashed.

An inspection of the record as it was constituted when the writ issued shows that the learned court erred in holding the affidavit inadequate. The plaintiff corporation could come into court only by attorney. Its affidavit could be made only by its officers or agents duly authorized. Authority may appear or be proved in various ways. When the prothonotary was requested to take MacDonald's affidavit, he had before him the præcipe signed by MacDonald, as attorney for plaintiff, and the statement of claim so signed by him, and he knew him to be an officer of the court authorized to practice therein. We are not concerned in this appeal with the propriety of MacDonald's making the affidavit. It was required to advise the prothonotary of the value of the goods in the first instance, to enable him "to determine the amount of bail," (section 8). Plaintiff's act in causing this bond to be delivered to the prothonotary by MacDonald as part of the process then consisting of the præcipe, statement and affidavit, was plaintiff's declaration or publication of MacDonald's agency and authority to make the affidavit of value and made it the plaintiff's affidavit, as undeniably as if it had been accompanied by plaintiff's letter of attorney specifically authorizing it. The prothonotary was justified in so accepting it.

As section 1 provides "That before any writ of replevin shall issue out of any court of this Commonwealth, the person applying for said writ shall execute and file with the prothonotary of the said court a bond to the Commonwealth of Pennsylvania, for the use of the

parties interested, with security in double the value of the goods sought to be replevied......" some one must ascertain the value; the affidavit states it ex parte, but not finally; the prothonotary may accept plaintiff's statement but whether he does or not, his action may be revised immediately; "......the court, or in vacation time, a judge thereof at chambers, may upon motion increase the amount of the bail required; may require new bail if for any reason the old bail become insufficient ......" section 8. And, though section 8 also provides that the value stated by the plaintiff "shall be the cost to the defendant of replacing (the goods), should the issue be decided in his favor," we have held that the affidavit need not contain those words: Guinn v. Vitte, 63 Pa. Superior Ct. 611. The possibilities which may confront a plaintiff in subsequent stages of an action of replevin are adequate to induce him to see that the value of the goods is honestly stated by him or on his behalf in the first instance, and if an inspection of the record made when the writ issues shows that plaintiff has made his own the affidavit of another, made on plaintiff's behalf, it is sufficient.

The order is reversed with a procedendo.