# Rudolph Wurlitzer Co. *v.* Amaismeier, Appellant.

*Judgment—Opening judgment—Bailment—Sale—Fraud—Evidence.*

A judgment entered on a warrant of attorney contained in a
contract of bailment embracing a privilege of purchase, will not be
opened, where the evidence taken on a rule to open does not satisfy
the court that the plaintiff had been guilty of any false representations, as alleged, which induced the purchase.

Argued October 11, 1920.   Appeal, No. 37, Oct. T.,
1920, by defendant, from order of C. P. Allegheny Co.,
Oct. T., 1919, No. 41, discharging rule to open judgment
in case of Rudolph Wurlitzer Co. v. William Amaismeir.   Before Brown, C. J., Frazer, Walling, Simpson and Kephart, JJ.   Affirmed.

Rule to open judgment.

Wasson, J., filed the following opinion:

Judgment in this case was entered on a warrant of
attorney, contained in a contract of bailment embracing a privilege of purchase.   The petition to open is
predicated upon certain alleged fraudulent representations which induced the execution of the contract and
being directed to the equitable power of the court the
burden of course rests on the defendant to show a case
that would warrant the granting of the relief prayed for.

The defendant had in course of construction a moving
picture theatre and being desirous of securing a piano-
player for installation therein, made several visits to
the plaintiff's place of business for the purpose of inspecting instruments on sale.   On May 28, 1919, he
selected a Duplex style "U" piano player No. 26068.

The price agreed upon was twenty-eight hundred and fifty dollars. He paid three hundred dollars down and executed the contract of bailment for the balance. The plaintiff agreed to set the instrument aside and keep it until such time as the defendant's theatre had been completed. Within a day or so of the date of purchase, the defendant met one Woodruff, a salesman in the employ of a rival instrument house, and told him of the transaction. Woodruff ventured the opinion that taking into consideration the type and price, the instrument must have been secondhand and not new, as the defendant claimed had been represented to him. At the defendant's request, Woodruff accompanied him to the plaintiff's store and inspected the instrument. He pronounced it secondhand and considerably worn, whereupon the defendant informed the plaintiff that he would not carry out the contract and demanded a return of the money paid. The plaintiff refused to either cancel the contract or to return the money and when the first of some twenty-eight monthly installments stipulated for by the terms of the contract fell due and was not paid, entered the judgment complained of. In the meantime the defendant had purchased another piano-player from the rival house.

A careful review of the evidence taken on the rule to open does not satisfy us that the plaintiff had been guilty of any false representation which induced the purchase. The defendant made no effort to substantiate the averments of his petition that the particular instrument he had purchased had previously been sold to and used by two operators of moving picture theatres, but relied on the inspection and testimony of Woodruff, which, to say the least, was superficial and much biased. The evidence clearly shows the instrument to have been new and one which at no time after its receipt from the factory had been out of the plaintiff's possession. The imputation that the plaintiff had set aside a different instru-

ment than that which the defendant had inspected and purchased, is not borne out by the evidence.

On argument of the rule, the question was raised whether or not there could be a bailment of personal property without delivery of possession. There was a delivery. But even could it be said that there had been no delivery, as between the parties themselves, this would not have been fatal to the plaintiff's right to proceed. There were no intervening rights of creditors or other parties. The contract was an executed contract: Collins's App., 107 Pa. 590.

The rule to open was discharged. Defendant appealed.

*Error assigned* was order, quoting record.

*Maurice L. Avner,* with him *Joseph C. Marcus,* for appellant.

*Joseph Stadtfeld,* with him *Morris G. Levy,* for appellee.

PER CURIAM, December 31, 1920:

In the brief opinion of the learned court below discharging defendant's rule to open the judgment entered against him it clearly appears that his petition to open was without merit, and, on that opinion, this appeal is dismissed at his costs.