## Automobile Securities Co. *v.* Swisshelm, Appellant.

*Replevin—Practice, C. P.—Affidavit of value—Bond—Corporation—No necessity to aver—Authority of agent to make affidavit—Acts of April 19, 1901, P. L. 88, and March 19, 1903, P. L. 39.*

1. The statutory provision as to the affidavit of value provided by the replevin Acts of April 19, 1901, P. L. 88, and March 19, 1903,

P. L. 39, is merely a direction to the prothonotary, outlining the practice to be followed by him in fixing the bail, and defects in such affidavit are not fatal to the replevin.

2. The omission in the affidavit of value of the words "which shall be the cost to the defendant of replacing them" is not fatal to the replevin.

3. Where a suit in replevin is instituted by a corporation, the proceedings are not rendered fatally defective because the affidavit of value fails to show the authority of the agent who made the affidavit.

4. If it appears that the person who made the affidavit was the attorney who filed the writ and statement, that the affidavit was endorsed on the statement, and a supplemental affidavit of the president, filed by permission of the court, stated the officer was in fact the agent of the corporation, defendant has no ground for complaint.

5. The rules which govern appeal affidavits and affidavits of defense, do not govern affidavits of value in replevin proceedings.

Argued October 19, 1920. Appeal, No. 177, Oct. T., 1920, by defendant, from judgment of Superior Court, April T., 1920, No. 82, reversing order of C. P. Allegheny Co., Oct. T., 1919, No. 884, quashing writ of replevin, in case of Automobile Securities Co. v. John A. Swisshelm. Before Brown, C. J., Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Appeal from Superior Court.

The opinion of the Supreme Court states the facts.

The Superior Court reversed the order quashing writ. Defendant appealed.

*Error assigned,* among others, was judgment of Superior Court, quoting it.

*James T. Buchanan,* for appellant.—An inspection of the record shows that the bond of the defendant company which was filed at the same time was signed by P. M. Chidester, president of the plaintiff, and no sufficient reason is given for the affidavit not having been made and sworn to by said officer, or any of the other officers, all of whom are residents of Allegheny County:

Griel v. Buckius, 114 Pa. 187; Wakely v. Ins. Co., 246 Pa. 268; Mintz v. Gas Co., 259 Pa. 477; Giordano v. Fire & M. Ins. Co., 63 Pa. Superior Ct. 233; Yeier v. Fire Ins. Co., 63 Pa. Superior Ct. 258; Galashevsky v. Fire Ins. Co., 63 Pa. Superior Ct. 511; Yeier v. Fire Ins. Assn., 66 Pa. Superior Ct. 571.

*John A. Metz,* with him *John MacDonald,* for appellee, cited: Mintz v. Gas Co., 259 Pa. 477.

OPINION BY MR. JUSTICE MOSCHZISKER, December 31, 1920:

Plaintiff, the Automobile Securities Company, leased a motor car to John H. Swisshelm, defendant; the latter refused to pay the rental or return the car, as required by the lease; whereupon the former filed a bond and obtained a writ of replevin under the Act of April 19, 1901, P. L. 88. Defendant made no objection to the bond, and, refusing to file counter security, allowed the sheriff to deliver the automobile to plaintiff; but, subsequently, he entered a rule to quash the writ, on the ground of an alleged defect in the affidavit of value. The Common Pleas of Allegheny County made the rule absolute; plaintiff appealed to the Superior Court, which reversed; then defendant filed the present appeal.

Section 1 of the Act of 1901, supra, provides: "That before any writ of replevin shall issue......the person applying for said writ shall execute and file with the prothonotary......a bond......for the use of the parties interested, with security in double the value of the goods sought to be replevied, conditioned," etc.; and section 8 reads: "The prothonotary shall, in the first instance, fix the amount of bail, and approve or reject the security offered." The act then states that "his action in either regard shall be subject to revision by the court." It further says: "In order to determine the amount of bail, plaintiff shall make an affidavit of the

value of the goods and chattels, which value shall be the cost to defendant of replacing them should the issue be decided in his favor"; and then reads: "The court may, upon motion, increase the amount of bail required, may require new bail, if for any reason the old bail has become insufficient," etc., giving general powers of revision over the acts of the prothonotary in fixing the bail and accepting the bond.

In the present case, the affidavit as to value was made by one John MacDonald. Defendant contends that it is defective and insufficient in that it is not the affidavit of plaintiff company and fails to show what relation the affiant bore to that corporation; further that, while the affidavit states the goods in question were "of the value of two hundred and fifty dollars," yet it does not say in so many words that this value represents "the cost to the defendant of replacing them should the issue be decided in his favor."

The last ground of complaint, which we shall dispose of first, was initially made on the present appeal; it does not call for any extended discussion. The point thus sought to be raised—that the omission, just mentioned above, is fatal to the affidavit—was ruled to the contrary of appellant's contention in Guinn v. Vitte, 63 Pa. Superior Ct. 611, 615, where Judge TREXLER said: "The plaintiff, when he filed his affidavit......failed to insert the words 'which shall be the cost to the defendant of replacing them'; the omission of these words is not fatal; they might very properly have been put in the affidavit, but the act does not require this to be done; the words omitted by plaintiff are mere directions, showing upon what basis the value is to be fixed." We see no reason for overruling the position thus taken by the Superior Court.

As to the other and more important questions, we entirely agree that, when an act of assembly requires an affidavit, on a pleading or other essential paper, to be filed as part of the record, and the statute provides that

such affidavit shall be made by a party to the cause, the oath must, as a general rule, be made by the party himself (Bryan v. McCulloch, 1 P. & W. 421) ; but it is significant that the present legislation, while requiring the bond to be "filed," simply provides that the affidavit shall be furnished to the prothonotary, as evidence of the value of the goods replevied, to enable that official to fix the bail in the first instance, subject to revision by the court. The statutory provision in question, so far as the affidavit is concerned, is merely a direction to the prothonotary, outlining the practice to be followed by him in fixing bail, and defects in such an affidavit are in no sense fatal to the replevin. The whole matter of bail is subject to the revision of the court, on motion, and, when the affidavit serves its purpose, it has no evidential value in future court proceedings: Guinn v. Vitte, 63 Pa. Superior Ct. 611, 614.

We agree with plaintiff that the affidavit at bar is not like the appeal affidavits in the case cited by defendant— Bryan v. McCulloch, supra, and Steinbridge's App., 1 P. & W. 481. In those cases the affidavits in question were filed under an act of assembly which expressly provided they should be "filed with the record," and especially made them foundation-stones of the right to appeal.

We also agree with plaintiff that the rules which control affidavits of defense do not govern here. Of course, it is well established that, when an affidavit of defense is made by an agent of a corporation, there must be something on the face of the instrument itself to show the authority of the agent; for, in deciding whether judgment shall be entered for want of a sufficient affidavit of defense, all intendments are taken against the affiant. Then again there are other, historic, rules, controlling affidavits of defense (which need not be recited here), that, for reasons of their own, make certain averments essential therein, which might not be required in other affidavits. As to all this, it is sufficient to say we agree with the Superior Court that there is no "controlling

## 158 AUTOMOBILE SECURITIES CO. v. SWISSHELM.

analogies" between affidavits of value in replevin suits and affidavits of defense, even when each is filed for a corporation.

It appears that the present affiant was the attorney who filed the præcipe and statement of claim, and that, in the latter, it is averred he is the attorney for plaintiff. It further appears that the affidavit in question was endorsed on the statement of claim; and, moreover, it appears, from an explanatory affidavit by plaintiff's president, which the court below permitted to be filed, that John MacDonald was "the duly authorized agent of plaintiff.....to make the affidavit.....of value,..... that the said affidavit, as made by the said John Mac-Donald, was made by him as the duly authorized agent of the plaintiff, and that he inadvertently neglected to state in said affidavit that he made the same as [such] duly authorized agent."

All the circumstances involved reduce the question which we have to determine to this: In a replevin suit, "is it so absolutely essential that the authority of the person, who makes the affidavit of value for a corporation, shall be averred in the paper handed the prothonotary when he fixes bail, that its absence therefrom, ex necessitate, requires the quashing of the writ of replevin?"

The question just put must be answered in the negative, for there is nothing in the statutes which calls for a contrary reply. True, the relevant legislation does require that "the plaintiff shall make an affidavit of the value of the goods," but a corporation must act by an agent of some sort, and here, so far as it was necessary or permissible to make such inquiry on a motion to quash the writ, considering the nature of the affidavit in question, it sufficiently appears, by the supplemental affidavit, that John MacDonald was the agent of plaintiff for the purpose of making the original affidavit; and, in fact, this is quite as much as it is necessary to determine.

The judgment of the Superior Court is affirmed.