# Newman, Appellant, v. Globe Indemnity Co.

*Replevin—Affidavit of value—Function of—Amendment—Name of party plaintiff—Principal and agent.*

1. The purpose of the affidavit of value, in an action of replevin, is merely to inform the prothonotary as to the amount of bond demandable. The making of it by the plaintiff, who is really acting for a bank of which he is cashier, does not void the proceeding in replevin. The record may be amended so that the plaintiff shall appear therein as cashier of the bank.

2. Where it appears that the contract on which the suit was based was made in the individual name of the cashier, an amendment merely showing the capacity in which the plaintiff acted, is proper, as it does not bring a new party on the record, so as to change the cause of action.

*Contract—Sale—Change of possession—Innocent party.*

3. The rule that in a sale of personal property there must be a change of possession, applies only to innocent creditors or purchasers of the vendor, who have acquired rights without notice of the sale.

4. It does not apply to one who has full notice of the sale, and who subsequently claims all of the vendor's property under a general assignment, in which notice of the adverse ownership of the particular property in question, was given.

*Practice, C. P.—Rules of court—Appeals.*

5. The court below is the best judge of its own rules, and the appellate court will not reverse a judgment, though a rule has been disregarded, unless it appears some manifest and palpable injury was worked upon the opposite party.

Argued September 29, 1922. Appeal, No. 148, Oct. T., 1922, by plaintiff, from order of C. P. Somerset Co., Dec. T., 1921, No. 128, refusing to take off nonsuit, in case of Charles J. Newman v. Globe Indemnity Co. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Replevin for machinery. Before BERKEY, P. J.
The opinion of the Supreme Court states the facts.
Nonsuit; refusal to remove. Plaintiff appealed.

*Errors assigned,* inter alia, were (1) refusal of amendment, and (3) refusal to take off nonsuit, quoting record.

*Ernest O. Kooser,* with him *Francis J. Kooser,* for appellant, cited, on right to amend: Wright v. Cooper Co., 206 Pa. 274; Mangan v. Schuylkill County, 273 Pa. 310; Bailey v. Kipp, 28 Pa. Dist. R. 706; McPartland v. R. R., 2 Pa. C. C. R. 244; Wildermuth v. Long, 196 Pa. 541.

As to title to property: Coble v. Nonemaker, 78 Pa. 501; Zuver v. Clark, 104 Pa. 222; Mitchell v. Mitchell, 212 Pa. 62; Bartlick v. Josehans, 29 Pa. Superior Ct. 227; Germain Fruit Co. v. Roberts, 8 Pa. Superior Ct. 500.

*Henry Hipple,* of *McCormick & Hipple,* with him *E. E. Kiernan,* for appellee, cited, as to the amendment: White Co. v. Automobile Co., 43 Pa. Superior Ct. 542; Pepper v. Cairns, 133 Pa. 114; Whiting & Co. v. Lake, 91 Pa. 349; Telephone & Supply Co. v. Thompson, 112 Pa. 118; Bible v. Center Hall Boro., 19 Pa. Superior Ct. 136.

As to title to property: Weller v. Meeder, 2 Pa. Superior Ct. 488; Hill v. Manufacturing Co., 3 Pa. Superior Ct. 398; Hastings v. Sproul & Hastings, 10 Pa. Superior Ct. 82; Bank of North America v. Motor Car Co., 235 Pa. 194; Strong v. Dinniny, 175 Pa. 586; Heilman v. McKinstry, 18 Pa. Superior Ct. 70.

OPINION BY MR. JUSTICE SADLER, January 3, 1923:

The Commonwealth of Pennsylvania awarded to Woy Brothers a contract for the construction of a highway, and the Globe Indemnity Company became their surety for the faithful performance of the work. Certain machinery, the subject of the present action of replevin, was thereafter purchased by the contractors, and a part of the consideration paid. On March 9, 1920, there remained due the sum of $2,073. Negotiations to secure funds to satisfy the balance of the claim were entered into with Newman, plaintiff here, and culminated in the

purchase of the property in question, which was then leased by him to the Woys. The bailment contract provided for the payment of the sum fixed as rent within eight months, and also for the giving of a note for the total amount. This was drawn to Newman as cashier, and subsequently discounted by the Peoples Bank, of which he was an officer. The property involved was at no time in the actual possession of the purchaser, and lessor, but remained with the Woys, the lessees, near the highway which was under construction.

No portion of the rent had been paid when, in September of 1920, it became apparent the contractors would be unable to complete the work begun, and the indemnity company was called upon to finish it. When the surety bond was executed, the defendant took from the Woys, for its protection, an assignment of their rights under the contract with the Commonwealth of Pennsylvania, and also of all tools and machinery then in use upon the new road, or to be thereafter acquired for such purpose, but no actual or constructive possession was taken of any of them. When the default occurred, and the road building was taken over by the surety, it entered into a new agreement with the contractors, by the terms of which an assignment was made of their rights and assets. In this paper the following clause appears: "It being understood and agreed that the machinery [here in question, giving a list] is specifically pledged for the balance due on account of the purchase price thereof of $2,000." The defendant assumed control of the entire operation, and refused to return the articles referred to, though frequent demand was made by plaintiff.

Newman, named as bailor in the lease to the Woys, brought this action of replevin in his own name, the affidavit of value and bond required being similarly executed. At the trial, the true state of facts became apparent, the evidence showing that the plaintiff, in advancing the money to buy, and in making the lease, was in reality acting for the Peoples Bank of Boswell, of which he was

cashier. The note given, as required by its terms, named him as payee in his official capacity. An application was thereupon made to amend the pleadings so that the plaintiff should appear as "Charles J. Newman, Cashier of Peoples State Bank of Boswell, Pa., instead of Charles J. Newman." This was refused, and a compulsory nonsuit entered, because of the failure to show title or right to possession in the party named as plaintiff when the action was instituted. To test the accuracy of this conclusion, an appeal has been taken. Another error, as to the refusal to admit certain evidence, has been assigned, but, as a new trial must be had, and the question suggested may not again arise, it need not be considered.

The amendment was refused by the learned court below on several grounds. It held such permission was impossible in an action of replevin, because the foundation of the proceeding was the affidavit of value and bond given, both of which were executed by Newman as an individual, and, therefore, the subsequent pleadings could not be changed. This conclusion overlooks the purpose of the affidavit, which was merely to inform the prothonotary as to the amount of bond demandable. The making of it by one who was in fact agent for the bank was not such a defect as will void the proceeding in replevin: Automobile Securities Co. v. Swisshelm, 269 Pa. 153. Nor would the change proposed release the surety upon the obligation given: Jamieson v. Capron, 95 Pa. 15.

It was further suggested that the bringing of a new party upon the record would result in a change in the cause of action, which is not allowable. Here, the suit was brought in the name of the agent, and the only alteration proposed was to show the capacity in which he acted. In this case the principal could have sued originally in its own name, the contract having been made for it by the agent: Trustees M. E. Church v. Equitable Surety Co., 269 Pa. 411. It has, however, been uniformly held that where the action is improperly brought in the

name of the latter, the record can be amended to cure the defect: Barnhill v. Haigh, 53 Pa. 165; Adams v. Edwards, 115 Pa. 211; Yerkes v. Richards, 153 Pa. 646; Fritz v. Heyl, 93 Pa. 77. No new cause is introduced by allowing a change such as was here requested, and the defendant could be deprived of no substantial benefit by its allowance. The amendment should not, therefore, have been refused, for the reason given: Power v. Grogan, 232 Pa. 387; Hewitt v. Democratic Pub. Co., 271 Pa. 546.

Justification for the refusal is further based upon the conclusion that its allowance would have been useless, since no recovery could be had if the change asked for was permitted. The finding rests on the assumption that, as against the defendant, the attempted sale and lease of the property in question is ineffective, there having been at no time a delivery of it, actual or constructive, from the Woys. This requires further consideration of the rights of the parties in the machinery, as developed by the evidence, both claiming to be the owner. Of course, Newman or his principal, the bank, must show title or right to possession, if recovery is to be had: Westinghouse Co. v. Harris, 237 Pa. 203. It rests on the purchase of the articles, the payment of the price, and subsequent execution of the bailment contract, —in effect a pledge,—to Woy Brothers. At no time had actual possession of them been taken, but, as against their lessees or pledgees, this was not required: Wurlitzer Co. v. Amaismeier, 269 Pa. 47. If the right to hold was questioned by innocent creditors or purchasers, the claim of the plaintiff would be unenforceable as to such persons: Clow v. Woods, 5 S. & R. 275. This rule is applied, however, only to protect those who, without notice, acquire rights: Coble v. Nonemaker, 78 Pa. 501; Davis v. Billings, 254 Pa. 574; Hewitt v. Democratic Pub. Co., supra; White v. Gunn, 205 Pa. 229; Bartlick v. Josenhans, 29 Pa. Superior Ct. 227. It is only parties who are misled by the possession of the personal property by

another into the belief that the holder owns, and are injured as a result, who can claim protection. It clearly does not apply in the present case, where the assignment of Woys to the defendant, of October 5, 1920, in terms gave notice of the adverse ownership, and plainly discloses defendant was not an innocent party. Nor is it aided by the assignment "of machinery to be acquired," executed when the bond was given in 1919. No delivery there occurred, and whatever the effect to be given to the contract then made (Collins's App., 107 Pa. 590), it would be of no force against Newman and the bank, who advanced the money to purchase without knowledge of its terms. The pledge of the property,—though not in the possession of the party who made it,—is valid as to the indemnity company, when it took with notice in 1920, and the attempted assignment of 1919, to it, is invalid as to the bank, which became an innocent purchaser in the following spring. We, therefore, cannot agree with the learned court below, that no recovery could be secured, even if the amendment had been allowed.

Another reason, not suggested below, is given by the appellee for sustaining the action of the court. A rule of practice in Somerset County provides: "When an amendment is offered to be made on the trial, leave to amend will not be given unless the motion is supported by an affidavit that the amendment will affect the merits of the case, and that the leave to amend is not desired for any other reason." Though no objection on this ground was made when the amendment was offered, it is insisted this failure to file such an affidavit is fatal to plaintiff's present demand for relief. The complaint is without merit. The court below is the best judge of its own rules, and evidently construed the requirement to apply where the application was made before the introduction of testimony, in order that undue delay might be prevented, and not when the request was made during the course of the trial, when it would be evident whether the merits of

the case were involved. Whether this is true or not, this court will not reverse, though a rule has been disregarded, unless it appears some manifest and palpable injury was worked upon the opposite party: Brennan v. Prudential Ins. Co., 148 Pa. 199; Bair v. Hubartt, 139 Pa. 95; Gannon v. Fritz, 79 Pa. 303. No wrong was done here.

It follows, from what has been said, that the assignments of error, complaining of the disallowance of the amendment, and the refusal to take off the compulsory nonsuit, should be sustained.

The judgment is reversed, and a venire facias do novo awarded.