## Brockway Motor Truck Company v. Smith.

H. L. Shepard, for plaintiff; J. Yearsley, for defendant.

SMITH, P. J., January 20, 1931.—This case arises from a rule to quash a writ of replevin. The reasons advanced by the defendant are: (1) The truck claimed in the declaration filed was not the truck described in the writ as originally drawn; (2) the affidavit of value was invalid because there was no averment of authority filed by the person signing it. The plaintiff filed a petition to amend the affidavit of value to set forth the authority of the agent, which was allowed.

The declaration properly described the truck that was seized thereunder.

There is no merit in either objection taken by the defendant.

In Overseers v. Bunn, 12 S. & R. 292, 295, Duncan, J., said:

"Indeed, in *England*, a judgment is never reversed, in any court of record, for any variance in any writ, original or judicial, from the declaration or other proceedings. 2 Salk. 701. There, the court held, that a defendant cannot take advantage of a variance between a writ and count, without craving oyer of the writ. In Ford v. Barker, Barnes, 340, the court, as praying oyer of the original, had been much used to delay, came to a resolution not to grant oyer of the original in future; and so far have the courts discouraged this dilatory course, that with respect to a writ of error for a defective original, as it would be a hard case to set aside a judgment for a mere slip, the master of the rolls would defeat the writ of error, by ordering the original to be amended, or, if necessary, granting a new one." See, also, Pentz v. Pentz, 6 Dist. R. 708.

Since oyer was the only method for the court to have knowledge of a variance between the writ and the declaration, and that method is no longer available, the variance is not properly before the court.

In considering the authority of the agent signing the affidavit of value, the court has no power to dismiss the writ upon the reasons advanced.

In Automobile Co. v. Swisshelm, 75 Pa. Superior Ct. 72, 76, Judge Linn said:

"An inspection of the record as it was constituted when the writ issued shows that the learned court erred in holding the affidavit inadequate. The plaintiff corporation could come into court only by attorney. Its affidavit could be made only by its officers or agents duly authorized. Authority may appear or be proved in various ways. When the prothonotary was requested to take MacDonald's affidavit, he had before him the præcipe signed by Mac-Donald, as attorney for plaintiff, and the statement of claim so signed by him, and he knew him to be an officer of the court authorized to practice therein. We are not concerned in this appeal with the propriety of MacDonald's making the affidavit. It was required to advise the prothonotary of the value of the goods in the first instance, to enable him 'to determine the amount of bail,' (section 8). Plaintiff's act in causing this bond to be delivered to the

76

prothonotary by MacDonald as part of the process then consisting of the præcipe, statement and affidavit, was plaintiff's declaration or publication of MacDonald's agency and authority to make the affidavit of value and made it the plaintiff's affidavit, as undeniably as if it had been accompanied by plaintiff's letter of attorney specifically authorizing it."

In the same case, which was appealed to the Supreme Court (269 Pa. 153), the court held:

"Where a suit in replevin is instituted by a corporation, the proceedings are not rendered fatally defective because the affidavit of value fails to show the authority of the agent who made the affidavit."

All error is corrected if the plaintiff files a supplemental affidavit showing the authority of the agent who signed the affidavit. This has been done. The petition of the plaintiff to amend its writ is granted. The rule to quash the writ of replevin is discharged.