## Fisher v. Blair et ux.

*Guy S. Claire*, for plaintiff; *F. Kenneth Moore*, for defendants.

DANNEHOWER, J., April 19, 1934.—In this action of replevin, the plaintiff has filed a motion for judgment for want of a sufficient affidavit of defense.

The motion assigns the following reasons: (1) Defendants do not deny the existence or the signing of the bailment lease declared on by the plaintiff; (2) defendants aver nothing whatever in answer to the bailment lease, but confine their attention to previous transactions; (3) defendants' affidavit of defense is evasive and vague.

On January 13, 1934, the plaintiff filed his præcipe and bond in replevin for

certain furniture, which was delivered to the plaintiff on January 19, 1934, by the sheriff, as defendants filed no counterbond.

The declaration filed February 6, 1934, avers that plaintiff, a dealer in furniture, on January 20, 1932, entered into a written bailment lease with the defendants in the sum of $171.34 for certain household furniture for the term of 18 months, payable $10 monthly; that defendants had paid $45.32 on account in 2 years, and were therefore in default; and that plaintiff is entitled to immediate possession of said goods.

The affidavit of defense avers that plaintiff sold and delivered all the replevined goods to the defendants on credit at four different times, namely, April 1928, June 1929, March 1930, and the balance in February 1931; that the first three lots of goods were paid for in full by periodical payments; and on the last lot a balance is admitted to be due. It does not deny the existence or the execution of the bailment lease on January 20, 1932, but denies its "legal import" and further avers that, as there was no delivery or change of possession of said goods from the defendants to the plaintiff when said bailment lease was signed, it is void, illegal, and of no effect.

It would appear, therefore, that after the plaintiff had sold and delivered all said goods to the defendants on credit there remained a balance due, and these parties entered into a bailment lease for all said goods after they had been in the defendants' possession for some time, and without any change of possession.

There is no doubt that the court has statutory authority to enter judgment in replevin cases for want of a sufficient affidavit of defense. See Act of April 19, 1901, P. L. 88, sec. 5, as amended by the Act of March 19, 1923, P. L. 14, 12 PS § 1835.

The single question for decision is whether there could be a valid bailment between the original parties without delivery or change of possession.

"Sales and bailment leases, while valid as between the parties, were void as against creditors, as there was no physical change in the possession of the property": Root v. Republic Acceptance Corp., 279 Pa. 55, 58.

In the case of Atlantic National Bank v. Plaza Co., 79 Pitts. 50, 51, the court said: "The real transaction was merely a pledge of the equipment [without a change of possession] to secure part of the balance owing on the open account, and while it was a valid transaction between the parties, it was invalid as to creditors."

In the case of Rudolph Wurlitzer Co. v. Amaismeier, 269 Pa. 47, it was said by the court below: "The question was raised whether or not there could be a bailment of personal property without delivery of possession. There was a delivery. But even could it be said that there had been no delivery, as between the parties themselves, this would not have been fatal to the plaintiff's right to proceed. There were no intervening rights of creditors or other parties."

It must be distinctly borne in mind that this was a contract or bailment between the original parties, and not a case where the rights of creditors, receivers, or third parties are involved. We therefore conclude that this was a valid bailment between the original parties without delivery or change of possession of the subject matter of the bailment.

And now, April 19, 1934, rule absolute, and judgment is entered in favor of the plaintiff for the property described in the writ.

From Aaron S. Swartz, Jr., Norristown, Pa.