## Gannon *et al. versus* Fritz.

79   303
126  101
79   303
165  624

79     303
26 SC  1436
79     303
30 SC  3536

1. In a rule of court, the 1st sect. was that if plaintiff should file (1.) "A specification of the items of his claim and a statement of facts necessary to support it," the items and statements not denied by defendants in his answer should be taken as admitted.- (2.) If the specification and statement were not filed with the præcipe, the plaintiff should give defendant ten days' notice and defendant should within ten days file his answer. (3.) This rule to "apply to a specification of set-off and statement of defence," defendant in ten days after filing the same to notify plaintiff. (4.) If plaintiff failed to comply with any of the requirements, non pros. to be entered by the prothonotary; if defendant failed, judgment for default of a plea and affidavit of defence to be entered against him. *Held*, that the provision for notice by defendant was to regulate the practice when a set-off was interposed; not when the defence was a denial, &c., of plaintiff's claim.

2. Courts of original jurisdiction have an inherent right to establish and enforce rules to regulate their practice.

3. The expediency of a rule, in ordinary cases, is not a question for the Supreme Court; the regulation of its practice is for the sound discretion of every court.

4. The construction of their rules by the lower courts is ordinarily conclusive; their discretion will be interfered with only where wrong is manifest.

5. Dailey *v.* Green, 3 Harris 118; Mylin's Estate, 7 Watts 64, recognised.

October 14th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1875, No. 170.

This was an action of debt, brought April 28th 1875, by Jesse H. Fritz against John F. McKinney, Martin Gannon and Thomas J. Burchfield. The writ was served on Gannon and Burchfield, and returned "Nihil" as to McKinney.

The plaintiff filed an affidavit of claim as follows:—

* * * "That the plaintiff's claim in above case is founded as follows: John F. McKinney, one of the defendants above named, was indebted to Jesse H. Fritz, the plaintiff above named, in a judgment, &c., in the sum of five hundred dollars, with interest on the same from the 5th day of July 1873; that a capias satisfaciendum was issued upon said judgment, &c., for above sum, interest, and one hundred and fifty-four dollars costs; that the said John F. McKinney was arrested thereon, and while in the custody of the sheriff made application to B. F. Kennedy, Esq., the prothonotary of Allegheny county, to be released; that he gave a bond to Jesse H. Fritz, the said plaintiff, with Martin Gannon and Thomas J. Burchfield, the other defendants above named, as security; which bond was dated the 21st day of March 1873, and as shown by the record was duly approved on the same day by the said prothonotary; said bond was in the sum of thirteen hundred dollars, conditioned that the said John F. McKinney would appear at the next term of Court of Common Pleas, No. 1, of Allegheny county, and

[*Gannon v.* Fritz.]

present his petition for the benefit of the insolvent laws of this Commonwealth, and comply with all the requirements and abide the order of said court in his behalf, or in default thereof, if he failed to obtain his discharge as an insolvent debtor, he would surrender himself to the jail of said county; that on the approval of said bond the said John F. McKinney was released, and he filed his petition to June Term 1874, but he failed to obtain his discharge as an insolvent debtor or surrender himself to jail according to the conditions of said bond. All of which is still due and unpaid."

The affidavit of defence, filed May 10th 1875, was:—

* * * "That the conditions of the said bond sued on in this case were fully complied with; that the defendant, John F. McKinney, appeared at the term of the Court of Common Pleas of said county mentioned in said bond, and then and there presented his petition for the benefit of the insolvent laws of this Commonwealth, and complied with all the requisitions of the said law, and did abide all the orders of said court in that behalf, and was duly discharged from further attendance by the order of said court, with the consent of said plaintiff. The said John F. McKinney having fully satisfied the claim and judgment of said plaintiff in full by the payment, by and with the direction and consent of said Jesse H. Fritz, to the plaintiff, of the sum of two hundred dollars, to said plaintiff's attorney, which they agreed to, *and did* accept in full satisfaction of said claim."

The defendant gave no notice of filing his affidavit of defence, and plaintiff, May 21st 1875, directed " the prothonotary to enter judgment in the above case in favor of the plaintiff and against Martin Gannon and Thomas J. Burchfield, two of the defendants above named, who were served, in default of notice of filing affidavit of defence, *sec reg.*"

The plaintiff filed a specification with his præcipe, showing the amount due to be $705.31; and judgment was entered by the prothonotary for that sum.

On May 22d 1875, on motion of John Barton, Esq., attorney for defendants, a rule was granted on plaintiff to show cause why the judgment in this case should not be opened.

One of the reasons for opening the judgment was :—

That said plaintiff was not entitled to notice of filing defendants' affidavit of defence, as the same did not contain any matter of set-off, but merely claimed payment.

The rule was discharged June 7th 1875.

The defendants took a writ of error, and assigned for error:—

The entering judgment against defendants, and discharging the rule to open the judgment.

Rule 5th of the Court of Common Pleas of Allegheny county, under which judgment was entered, is as follows :—

[Gannon v. Fritz.]

" Sect. 1. In all cases the plaintiff shall file, with or before his declaration, a specification of the items of his claim, and a statement of facts necessary to support it, verified by affidavit, to which the defendant shall, within the time hereinafter specified, file an answer, verified by affidavit, and such items of the claim and material averments of the facts as are not directly and specifically traversed and denied by the answer shall be taken as admitted.

" Sect. 2. If the specification and statement be filed with the præcipe they shall be treated also as an affidavit of claim, and the defendant shall, without further notice, file his answer thereto within the time required for filing an affidavit of defence, which answer shall be treated as an affidavit of defence. If the specification and statement be not filed with the præcipe, the plaintiff shall, within ten days after filing the same, notify the defendant thereof, and the defendant shall, within ten days after notice, file his answer thereto.

" Sect. 3. This rule shall apply to a specification of set-off and statement of defence filed by the defendant, who shall, within ten days after filing the same, notify the plaintiff thereof, and the plaintiff shall, within ten days after notice, file his reply thereto, verified by affidavit.

" Sect. 4. If the plaintiff fails to comply with any of the requirements of this rule, judgment of non pros. shall be entered against him by the prothonotary; and if the defendant fails to comply with any of the requirements thereof, the plaintiff shall be entitled to judgment against him as for default of a plea and affidavit of defence."

*J. Barton*, for plaintiff in error.

*H. C. Campbell*, for defendant in error.—The power of courts to make rules independent of any statute is inherent, provided such rules do not contravene the laws of the land: Snyder *v.* Bauchman, 8 S. & R. 336. And each is the most proper judge of the extent and application of its own rules, and is entrusted with a discretionary power to enforce them : Barry *v.* Randolph, 3 Binn. 277; Mylin's Estate, 7 Watts 64; Groves *v.* Donaldson, 3 Harris 128. The refusal to open a judgment by the court below is not the subject of a writ of error: Henry *v.* Brothers, 12 Wright 71; Hill *v.* Irwin, 8 Casey 314.

Mr. Justice WOODWARD delivered the opinion of the court, January 6th 1876.

This judgment was entered under the provisions of the fifth of the rules adopted for the regulation of the practice of the court below. By the first section of this rule it is prescribed, that " in all cases the plaintiff shall file with or before his declaration a

29 P. F. SMITH—20

[Gannon *v.* Fritz.]

specification of the items of his claim, and a statement of facts necessary to support it, verified by affidavit, to which the defendant shall, within the time hereinafter specified, file an answer, verified by affidavit; and such items of the claim and material averments of the facts as are not directly and specifically traversed and denied by the answer, shall be taken as admitted." The second section provides that "if the specification and statement be filed with the præcipe, they shall be treated also as an affidavit of claim, and the defendant shall, without further notice, file his answer thereto within the time required for filing an affidavit of defence, which answer shall be treated as an affidavit of defence. If the specification and statement be not filed with the præcipe, the plaintiff shall, within ten days after filing the same, notify the defendant thereof, and the defendant shall, within ten days after notice, file his answer thereto." The third section, under the terms of which the plaintiff below asserted the right to a judgment, is in these words: " This rule shall apply to a specification of set-off and statement of defence, filed by the defendants, who shall, within ten days after filing the same, notify the plaintiff thereof; and the plaintiff shall, within ten days after notice, file his reply thereto, verified by affidavit." It is directed by the fourth section, that if the plaintiff fails to comply with any of the requirements of this rule, judgment of non pros. shall be entered against him by the prothonotary; and if the defendant fails to comply with any of the requirements thereof, the plaintiff shall be entitled to judgment against him as for default of a plea and affidavit of defence.

The material inquiry here is, whether this record shows such default on the part of the defendants as to subject them to the penalty imposed by the fourth section of the rule. It is admitted that the affidavit filed on their behalf was adequate, but it is admitted also, on the other hand, that notice of it was not given to the plaintiff. All the several provisions that have been quoted are to be considered in their connection with and their relation to each other. The first and second sections define a defendant's duty in cases where the inquiry is confined to the validity and integrity of the plaintiff's cause of action, in which items of claim and material averments of facts are to be " directly and specifically traversed and denied." In such cases the defendant is required to file his answer within the time limited in the alternative directions of the second section, and he is required to do nothing more. It is only when he presents such a defence as that to which the third section refers, that he is bound to give notice of his answer within ten days after filing it. The confusion apparently arising out of the words " statement of defence," is dissipated if this section is read in the light thrown upon it by the language of the first. To read the direction that the rule " shall apply to a specification of set-off and statement of defence," cannot be treated as requiring

[Gannon v. Fritz.]

that notice of every defence in every action shall be given to a plaintiff. All necessary provisions relating to general actions, had been previously made. The object of this section was to regulate the practice when the defence of set-off should be interposed, and to provide for notice to the plaintiff of the defendant's "specification of set-off," and, in the language of the first section, of his *statement of facts necessary to support it*. This construction gives symmetry to the various requirements of the rule. The construction of the court below would distort them all.

In the present case no defence of the character of a set-off was alleged. The right of the plaintiff to a verdict was contested on grounds that affected the very instrument on which the suit was brought. There was nothing in the nature of a fresh or independent demand, and nothing, consequently, to which the third section of the rule under discussion could apply. The judgment was *improvidently* entered by the prothonotary, and should have been opened by the court.

It is not designed to disturb in the slightest way the well-settled principles which recognise the inherent right of the courts of original jurisdiction to establish and enforce rules for the government of their practice. Upon the expediency of a provision that a judgment shall be the penalty for a failure to give notice to a plaintiff of a specification of set-off as a ground of defence, no opinion is expressed. In the ordinary case, the question of expediency, in the language of Rogers, J., in Mylin's Estate, 7 Watts 64, "is not a question for this court, for it must be left to the sound discretion of every court to regulate its own practice." In the ordinary case, also, the construction of their own rules by the courts of original jurisdiction is accepted as conclusive, for, as has been repeatedly said, they are their best exponents: Dailey v. Green, 3 Harris 118, 128. It is only where wrong is manifest that their discretion will be interfered with or invaded. The palpable error in this instance is undoubtedly attributable to inadvertence.

Judgment reversed, and *procedendo* awarded.