## L. Strouse & Company *v.* W. H. Bard.   Sarah A. Bard, Appellant.

*Practice, C. P.—Rules of court—Discretion of court—Appellate court will not review.*

The courts of common pleas have power under section 10 of the Sheriff's Interpleader Act of May 26, 1897, P. L. 95, to make general rules governing proceedings thereunder not inconsistent with said acts. Rules 133 to 137 inclusive of Allegheny county, are not at variance with the act.

The claimant having failed to file an affidavit within the time required by Rule 134, the appellate court will not review the case on the merits of the affidavit, or interfere with the discretion of the court below in reference thereto. The fact that the lower court has refused to condone the violation of its rule is an exercise of discretion with which the appellate court will not interfere.

Argued April 27, 1898.   Appeal, No. 174, April T., 1898, by Sarah A. Bard, from order of C. P. No. 1, Allegheny Co., Dec. T., 1897, No. 136, discharging rule for sheriff's interpleader. Before WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.   Affirmed.

Rule for sheriff's interpleader.   Before C. P. No. 1, Allegheny county.

It appears from the record that plaintiff issued execution against W. H. Bard to collect the sum of $244.20.   Sarah A. Bard claimed the personal property levied on by the sheriff as belonging to her and alleged in her affidavit that the same belonged to appellant, was purchased by her from money received from the estate of her mother and that the personal property was in her possession and that the said W. H. Bard had no interest in the same in any way whatever.   Appellee filed an answer to the rule for the interpleader sworn to by his attorney setting up that he was informed, believed and expected to be able to prove, etc., that at the time of the levy the title to the said personal property was actually vested in defendant. The following are the sheriff's interpleader rules of Allegheny county:

Rule 133. Applications under the Sheriff's Interpleader Act must be in writing, verified by affidavit, setting forth facts nec-

essary to give the court jurisdiction, and containing a schedule or other sufficient description of the goods or chattels taken in execution; whereupon a rule (*a*) will be granted on the claimant of the goods and chattels and the plaintiff in the execution to show cause why an issue should not be framed to determine the ownership of said goods and chattels; a copy of which rule shall be served by the sheriff on the parties, or their attorney.

Rule 134. If the parties, or either of them, fail to appear and answer the rule under oath within five days after the service thereof, the rule shall be discharged; and if the default is made by the plaintiff alone, the officer shall release the property claimed, otherwise he shall proceed with the execution.

If both parties appear and answer as aforesaid, the court may discharge the rule and direct the officer to release the property; or order him to proceed with the execution; or make the rule absolute and award an issue to determine whether the right of property, in the goods and chattels claimed, is in the claimant or not, or make such other order as the justice of the case may require.

Rule 135. If the rule is made absolute and issue awarded, the claimant shall be plaintiff, and all other parties shall be defendant; and the claimant shall give bond to be approved by the court in accordance with law.

Rule 136. If the claimant fails to give bond and file statement within two weeks after award of issue, as required by law, the claimant shall be deemed to have abandoned all claim to the goods levied on, and upon production of the prothonotary's certificate, showing such failure of claimant, the sheriff shall proceed with the execution.

If the claimant fails to give bond, but files his statement, as required by law, upon production of the prothonotary's certificate of such fact, the sheriff shall proceed with the execution and pay the proceeds of the sale of the claimed goods into court, to await the determination of the issue.

Rule 137. Feigned issues shall be regularly entered on the appearance docket, and as soon as a plea is entered, shall be placed on the issue docket as other causes.

Rule for interpleader discharged.   Defendant appealed.

50          STROUSE & CO. *v.* BARD.

Assignment of Error—Opinion of the Court.    [8 Pa. Superior Ct.

*Error assigned* was in discharging the rule on appellee and appellant to show cause why an issue should not be framed.

*Whitesell Brothers*, for appellant.—The parts of the rules of court relating to the time and conditions of filing affidavits, within five days, after service, is in conflict with the direct provisions of the Acts of May 25, 1887, P. L. 271. and May 26, 1897, and as appellee failed to observe the said acts of assembly, and the rules of the court, the appellee is estopped from questioning the default after the filing of the affidavit by appellant: Marlin v. Waters, 127 Pa. 177; Newbold v. Pennock, 154 Pa. 591.

The affidavit filed by appellant is analogous to an affidavit of defense, and in passing on the sufficiency of any affidavit of defense, the material averments of facts therein must be accepted as true: Ecoff v. Gillespie, 31 P. L. J. 127.

It is sufficient if the affidavit of appellant set forth facts showing a substantial, prima facie defense, which can probably be established: McPherson v. Bank, 96 Pa. 135.

*L. B. Duff*, for appellee, submitted no paper-book.

OPINION BY BEAVER, J., July 29, 1898:

The question in this appeal arises under the provisions of the Act of May 26, 1897, P. L. 95, " relating to proceedings where goods or chattels have been levied upon or seized by the sheriff and claimed to belong to others than the defendant in the execution or process." Under the provisions of section 10 of said act, " the courts of common pleas may make general rules governing the proceedings under this act not inconsistent herewith," in accordance wherewith the courts of common pleas of Allegheny county adopted certain rules, numbered from 133 to 137 inclusive, printed in the appellant's paper-book. Said rules are not at variance with the provisions of the act above referred to. Rule 134 provides : " If the parties or either of them fail to appear and answer the rule (obtained upon the application of the sheriff) under oath within five days after the service thereof, the rule shall be discharged and if the default is made by the plaintiff alone the officer shall release the property claimed, otherwise he shall proceed with the execution."

The plaintiff in the execution appeared and filed his affidavit within five days as prescribed by this rule. The claimant, who accepted service of the rule January 4, 1898, did not file her affidavit until the 12th of the same month. No reasons are given by the court for the discharge of the rule to show cause, but it is stated by the appellant that the ground upon which the rule was discharged was the failure of the claimant, who is the appellant, to file her affidavit within the time specified by the rule above referred to. It would seem, from an examination of the record, that this was doubtless the case, inasmuch as the affidavit alleges facts which, if they had been set forth at the proper time, would perhaps have entitled the claimant to an issue.

A careful examination of the rules adopted by the court for carrying into effect the provisions of the sheriff's interpleader act, hereinbefore referred to, leads us to the conclusion that the said rules are not only in harmony with the provisions of the act but are such as will facilitate the disposition of cases thereunder. Whether the appellant made manifest to the court any reasons for her failure to comply with the rules relating to this subject the record does not show. As the record stands, we have a plain violation of the rules of court by the appellant. Admitting that the court below had the right to suspend its own rules or to condone their violation, upon proper cause shown, its unwillingness to do so is an exercise of discretion with which an appellate court will not interfere.

The provisions of the procedure act of May 25, 1887, relating to the time within which affidavits of defense are to be filed, have no possible application to the question under consideration.

It is possible that the claimant, the appellant here, presented a case in her affidavit which had merit and would have received favorable consideration, if it had been brought to the attention of the court within the time limited by the rule. Having failed to do this, however, we are not disposed to interfere with the action of the court in reference thereto.

The decree is affirmed.