## Swengel v. Dunkle.

*Sheriff's interpleader—Failure by claimant to pay appraisement fee—Failure by plaintiff to file answer to interpleader petition—Allowance of payment nunc pro tunc—Allowance of answer nunc pro tunc—Act of May 26, 1897.*

1. Where a claimant of goods levied upon by the sheriff has failed to pay the $4 appraisement fee required by the Act of May 26, 1897, P. L. 95, and has failed to file a bond, he cannot, after an interpleader has been granted, move to strike the issue from the record because no appraisement had been made. He will be permitted, however, to pay the appraisement and file a bond *nunc pro tunc.*

2. The plaintiff in an execution should file an answer to the sheriff's petition for an interpleader, but if he fails to do so, he may be permitted to file one *nunc pro tunc* where he has not been guilty of intentional wrong or inexcusable delay.

3. Where the sheriff has levied upon personal property in the residence of defendants, and there is nothing in the record to show that a claimant of the goods also resided in the same house, or that he had possession of the goods, it is proper that he should be made plaintiff in an issue on a sheriff's interpleader.

Rule to show cause why issue under the Interpleader Act should not be stricken off. C. P. Union Co., Jan. T., 1922, No. 7.

*Cloyd Steininger,* for rule; *Harry M. Showalter,* contra.

POTTER, P. J., March 13, 1922.—The matters in dispute arise through proceedings under the Sheriff's Interpleader Act of May 26, 1897, P. L. 95.

On Oct. 7, 1921, a writ of *fieri facias* was issued out of the Court of Common Pleas of Union County, at the instance of U. R. Swengel, plaintiff, *v.* John E. Dunkle and Mary S. Dunkle, defendants, based on a judgment in the sum of $6486.52.

By virtue of this writ, the then Sheriff of Union County, to wit, C. M. Renner, did, on Oct. 8, 1921, levy on certain articles of personal property
2 D. & C.

found on the premises and in possession of the said defendants, the list of which appears on the sheriff's levy.

On Oct. 12, 1921, Harry M. Dunkle served a written notice upon the sheriff, claiming certain articles upon which he had levied as his property, a list of which is set out in the said notice. There is no record among the papers in the case showing the payment of the $4 by the claimant, he being required thus to do, the defendants being found in possession of the said goods and chattels. (See section 7 of said act.)

The claimant, having failed to pay the said appraisement fee of $4 and having given no bond, is to be treated as having abandoned his right to have the said goods and chattels in his possession. (See section 7 of said act.)

On Oct. 22, 1921, at the instance of counsel for the plaintiff, on behalf of the sheriff, a rule was granted upon U. R. Swengel, plaintiff, and Harry M. Dunkle, claimant, requiring them to appear on Nov. 12, 1921, at 10 o'clock A. M., and show cause why they should not maintain or relinquish their respective claims.

On Nov. 4, 1921, Harry M. Dunkle, claimant, filed his answer to the rule. The records do not show any answer to the rule as having been filed by U. R. Swengel, the plaintiff.

There appears to have been no hearing had on Nov. 12th on this rule.

On Dec. 19, 1921, the rule for an interpleader was made absolute, and an issue ordered to determine the ownership of the goods claimed by Harry M. Dunkle, claimant, wherein he was made plaintiff and John E. Dunkle, Mary S. Dunkle and U. R. Swengel are made defendants.

On Jan. 3, 1922, a motion was made by counsel for Harry M. Dunkle to strike from the records the issue as ordered and framed, setting out four reasons therefor, which will be considered *seriatim*. A rule was granted on this motion, returnable in twenty days, all proceedings to stay and the lien of the levy to remain.

On Jan. 21, 1922, an answer to this rule was filed by U. R. Swengel, and on Feb. 17, 1922, argument was had on the rule by counsel.

Apparently, no appraisement was made by the sheriff; at least, the records disclose none.

The reasons for striking off the order for the issue are as follows:

"1. The order does not make sense and is not sufficiently clear and complete to frame an issue between the parties, nor does it state the matters at variance to be determined by the issue."

The following is the order: "Now, Dec. 19, 1921, the sheriff's petition for interpleader issue in the above case is made absolute, and an issue to determine the ownership of the goods claimed is awarded, wherein the claimant, Harry M. Dunkle, is made plaintiff, and John e. dunkle, Mary S. Dunkle and U. R. Swengel and [are] made defendants."

In the order the word *"bond"* was originally written, but was subsequently substituted by the word *"petition,"* and this substitution, at the argument of the case, seemed to be satisfactory to the parties. The order may be somewhat brief, but we are of the opinion that this order, as it now stands, sets out with sufficient precision the matters to be determined by the issue.

"2. The record does not show that the sheriff made any appraisement of the goods and chattels in question and claimed by the parties."

This is true. There appears to have been no appraisement made, but who was to have paid the fee of $4, being the fee for holding the appraisement? Section 7 of the Interpleader Act provides that it shall be paid by the claimant, who, in this instance, is Harry M. Dunkle, at the time of making his

Swengel v. Dunkle.

claim, the defendants, according to the sheriff's return, being in possession. He cannot complain of his own default.

"3. The plaintiff in the judgment and writ of execution, U. R. Swengel, not having filed an answer nor made claim as directed by the rule and order of the court of Oct. 22, 1921, must be deemed to have abandoned his levy and execution process."

It is true the plaintiff in the execution has not filed an answer. He should have done so. The claimant should also have paid the appraisement fee, but did not. Both appear to be at fault.

We are asked to strike off the issue because the plaintiff has not filed an answer to the rule taken out by the sheriff in violation of our Rule of Court No. 117. It must be observed that our present rules of court were formulated and adopted in 1895, while the act of assembly under which we are proceeding was passed in 1897.

Our present rules of court were formulated and adopted with reference to the interpleader law as it stood prior to 1897. That law made some radical changes in the procedure, and some of our rules of court are at variance with it. It is plain that the statute must pervail where the rules of court contravene it.

"The court has the right to suspend its own rules or to condone their violation upon proper cause shown:" Strouse v. Bard, 8 Pa. Superior Ct. 48, 51.

And in this case we feel that no injustice will be done by allowing the plaintiff in the execution to file his answer *nunc pro tunc*, as well as to allow the claimant to pay the appraisement fee and file his bond, if he so desires, likewise.

"Under section 2 of the Act of 1897, the court may allow the bond and statement to be filed *nunc pro tunc* after the expiration of the two weeks:" Chase v. Kemble, 17 Dist. R. 1063. Why not also the answer of the plaintiff?

"On a motion to strike off the claim on the ground of delay, the court may, in its discretion, allow claimant time to proceed and prove his title to the property, where he has not been guilty of some intentional wrong or inexcusable delay:" Hillegass v. Schaeffer, 27 Montg. Co. Law Repr. 53.

If the claimant is entitled to this consideration, why is not also the plaintiff entitled to the same?

"A person making out a *prima facie* case is entitled to interpleader, and will not be held to have abandoned his rights by failure to pay the appraisement fee:" Rood v. Jenkins, 3 Pa. Justices' Law Repr. 91.

"The words 'two weeks' in section 11 of the Interpleader Act are directory and not mandatory," and the motion for *non pros.* was refused: Earnest v. Alexander, 43 Pa. C. C. Reps. 540.

" If no answer is filed, the rule cannot be discharged except at the instance of the sheriff, as the proceedings are for his protection:" Meyer v. Jeske, 8 Dist. R. 239.

If the rule cannot be discharged, the converse is also true, and neither can it be made absolute.

Under these authorities, we cannot hold that the plaintiff has abandoned his execution process; neither can we hold that he can not yet perfect his proceedings by filing his answer *nunc pro tunc*.

"4. The order awarding the issue is erroneous and not in accordance with the law and the rules of court, for the reason that it makes Harry M. Dunkle plaintiff in the issue awarded, and wherein he should be defendant because he is in possession of the goods and chattels levied upon."

2 D. & C.

Swengel *v.* Dunkle.

Looking at the sheriff's petition for the rule we find he states, under oath, as follows: . . . "this deponent did, on the 8th day of October, A. D. 1921, levy on certain goods and property on the premises where said defendants reside." &c. . . . Nothing is said about the claimant residing with them, or even in that neighborhood, or having any interest whatever in the property levied upon, or being in possession of it. And the claimant, in his answer, does not state that he was in possession of the goods. Nowhere in the records do we find anything that indicates him being in possession of the goods levied upon. But the sheriff does say they were "upon the premises where said defendants reside." They must, therefore, be taken to have been in the possession of the defendants when levy was made, and that being true, Harry M. Dunkle is properly made plaintiff in the issue, and John E. Dunkle, Mary S. Dunkle and U. R. Swengel the defendants.

In Northampton Trust Co., Trustee, *v.* Ernest-Weiner Co., 23 Dist. R. 595, the appraisement was set aside because it was made without notice to the execution creditors, and, therefore, is hardly in line with the case at bar.

In the present case no appraisement was made by the sheriff, presumably because the fee of $4 had not been paid by the claimant. The first default in duty was then made by him. If his title to the property levied upon is *bona fide*, he should welcome the opportunity to so prove it and thus protect his property, and the execution creditor should likewise be given a fair opportunity, if so he can do, to prove that the claimant has no title to them. Going on with the issue will harm no one, and may be the means of clearing up all doubts concerning the title to the goods levied upon.

And now, to wit, March 13, 1922, the rule to show cause why the issue should not be stricken from the list is discharged. The claimant is directed to pay the appraisement fee of $4 to the sheriff within five days from this date. He may also file his bond if he so desires. The sheriff is directed to hold the appraisement within five days after the fee of $4 is paid to him, due notice of which is to be given to all parties interested. The plaintiff in the execution is directed to file his answer to the rule within ten days from this date. These proceedings to be had and filed *nunc pro tunc*, and the case is ordered on the trial list for next term of court.

From Charles P. Ulrich, Selins Grove, Pa.