## Megargee v. City of Philadelphia et al.

*Henry Arronson* and *Robert M. Bernstein*, for plaintiff.

*Israel K. Levy, John J. K. Caskie*, assistant city solicitors, and *David J. Smyth*, city solicitor, for defendant.

*Charles E. Kenworthy* and *Ralph B. Evans*, for additional defendant.

ALESSANDRONI, J., April 13, 1932.—A trespass action was brought against the City of Philadelphia and the statement of claim filed on December 4, 1931. On January 27, 1932, the city issued a sci. fa. to bring Boericke and Tafel, Inc., upon the record as additional defendant. The latter then filed its petition for a rule to strike the sci. fa. from the record on the ground that it was not filed within fifteen days after service of the copy of the statement of claim as required by Rule 226 (d). The city filed an answer to the petition, setting forth that Rule 226 (d) was unjust and unreasonable because an investigation by the city takes from forty-five to sixty days after service upon it of the statement of claim; because it constitutes a limitation of a right of action and is in conflict with the provisions of the Act of April 10, 1929, P. L. 479, and because the suit having been begun before the rule of court went into effect, the rule is not retroactive.

The questions raised in this proceeding present squarely for the determination of the court the question of the scope and limitations of the rule-making

power of the common pleas courts in this jurisdiction. The legislature in passing the Scire Facias Act of 1929 to bring additional defendants upon the record wisely recognized that the procedure in carrying into effect the provisions of the act should be left to the discretion of the judiciary. A controversy has existed for many years as to whether rules of procedure in our courts should be devised by legislative enactment or left to the discretion of the courts, whose duty it is to interpret the law in the light of current needs and to expedite and facilitate the administration of justice. At an early date in the administration of the law in Pennsylvania the legislature took cognizance of the fact that the proper place for the promulgation of rules of procedure was in the respective courts where they were to be enforced, and conferred upon the courts of common pleas full authority to prescribe the rules and forms for carrying into effect the mandates of legislative acts: Act of June 16, 1836, P. L. 784, section 21. Also, see Act of May 24, 1878, P. L. 135.

Our courts have always preserved the authority delegated to them by the legislature. In Mylin's Estate, 7 Watts 64, the rule of court requiring that exceptions to an auditor's report be filed within ten days was held to be valid, the court stating: "The expediency of the rule is not a question for this court; for it must be left to the sound discretion of every court to regulate its own practice. The general, inherent power of all courts to regulate their own practice, without control, on the ground of expediency, is recognized to its fullest extent in Vanatta v. Anderson, 3 Binn. 417. It is an incontestible principle that every court has, by its constitution as a court, the right to make rules for the regulation of the practice." In Barry v. Randolph, 3 Binney 277, the court stated: "Independently of all authorities to be found in the books, it is self-evident that justice could not be administered in an orderly manner, under a complex system of laws, without rules regulating the practice of the courts of justice. These courts must necessarily have the power of framing such rules as they may think best calculated to carry the laws into execution with convenience and despatch. All courts must have stated rules to go by; which may be altered at pleasure, as they may be found best to answer the public good." In Vanatta v. Anderson, 3 Binney 417 (1811), the power of the common pleas court to prescribe a rule for judgment for want of an affidavit of defense within a certain time was held valid. The rule-making authority of the common pleas courts has been established in this jurisdiction in a long line of cases, including Road in Little Britain, 27 Pa. 69; Lehman v. Howley, 95 Pa. 295; Road in McCandless Township, 110 Pa. 605; Lance v. Bonnell, 105 Pa. 46. The authority of the courts of common pleas to make the necessary rules that regulate its practice is, therefore, no longer questioned, subject, however, to the limitation that it shall not be unreasonable nor contrary to the laws and Constitution of this state.

The city argues that Rule 226 (d), which provides that the sci. fa. shall not issue unless the præcipe is filed not more than fifteen days after the service of the statement of claim, is contrary to statutory law because it limits the right of action. It is argued that, inasmuch as the Act of 1929, as amended by the Act of 1931, provides that any defendant "may sue out, as of course, the writ of sci. fa.," the right of the defendant to issue the writ at any time is clear. This contention is obviously without merit, for the words "as of course" clearly mean without leave of court. The city's argument that the fifteen-day limitation is a limitation of action is negatived by almost every decision of our Supreme Court interpreting the act. See Vinnacombe v. Philadelphia & Am. S., 297 Pa. 564; Bank v. Baird, 300 Pa. 92, and Shapiro v. The City of Philadelphia, 306 Pa. 216.

These cases all hold that the statute is remedial in nature and the rule of court, therefore, could not possibly be a limitation of a cause of action. The right of the city to bring its action against those secondarily liable to it is unaffected by the act in question.

The city next argues that the rule is unreasonable and, therefore, void because the allowance of only fifteen days within which to proceed against additional defendants is wholly inadequate. The rules of court are adopted in order to facilitate and expedite the administration of justice. The board of judges, in the exercise of their discretion, originally fixed the fifteen-day limitation upon the issuance of a sci. fa. This rule, we believe, fulfilled its purposes in the majority of cases. It must, of course, be recognized that a rule cannot possibly meet the requirements of every situation which may arise, and, therefore, discretion is lodged in the courts themselves as to the interpretation and application of their own rules. In a proper case an extension of time may always be granted. We cannot, therefore, conclude that the rule itself was unreasonable, even though it later was amended and the time limitation extended to thirty days. While the promulgation of rules of court regulating the procedure to be followed under the Act of April 10, 1929, P. L. 479, may be said to be still in an experimental stage, we believe that Rule 226 (d), even as originally worded, was not unreasonable. The question of expediency regarding rules of court is a matter within the sound discretion of the court regulating its own practice: Gannon v. Fritz, 79 Pa. 303; Smith v. Smith, 49 Pa. Superior Ct. 423. Should a case arise where a further extension of time is deemed necessary, the court, in its discretion, may always allow it. This phase of the question now before us, however, will be considered in greater detail in this opinion.

The city's final argument is that the rule is not retroactive, and, therefore, should not apply. This contention is based upon the naive theory that, inasmuch as the rule was not passed at the time this suit was started, it should not be permitted to apply. In support of its contention the city cites Vinnacombe v. Philadelphia & Am. S., 297 Pa. 564, wherein it is stated that "nor is the statute prospective only. It is procedural in its nature; hence 'it is applied, as of course, to litigation existing at the time of its passage.' " It is obvious that, inasmuch as the procedural statute necessarily applies to existing litigation, a procedural rule of court would also apply to existing litigation.

The question before us presents another angle which we believe to be controlling and which apparently has been overlooked. The power of a court of common pleas in a proper case to modify, suspend or rescind its own rules is supported by the greater weight of authority in the United States and is based upon logical concepts: 15 C. J. 911. This ruling is clearly proper, for rules of court are but a means to accomplish the ends of justice, and wherever justice requires, it necessarily follows that the court should have the power to modify, suspend or rescind its own rules. Both the trial and the appellate courts of this jurisdiction have recognized this principle and applied it to the issues coming before them. In Byrne's Account, 17 Dist. R. 427, this right of the court was recognized, the court stating: "However, in Pennsylvania, rules of court are but a means to accomplish the ends of justice, and the court always has the power to modify, suspend or rescind its own rules whenever justice requires it, unless the rules are prescribed by a higher court or by statute, then the court for which they are prescribed has no authority to modify or suspend: Lance v. Bonnell, 105 Pa. 46; McBeth v. Newlin, 15 W. N. C. 129; Lewis v. Jones, 10 Kulp 32; Light and Power Co. v. John, 18 Pa. Superor Ct. 498." In National Bank v. Detwiller, 8 Dist. R. 515, this prerogative of the court was exercised when the court,

considering it expedient in a certain matter, decided to rescind a rule, stating: "The subject is full of difficulty, and after the most careful consideration given to it, I have at last reached the conclusion that less inconvenience will result from rescinding the rule than from any further attempt to enforce its provisions. I am permitted to say that my brother Scott is of the same opinion. The rule will therefore be rescinded at once."

In Strouse & Co. v. Bard, 8 Pa. Superior Ct. 48, the power of the court was stated as follows: "Whether the appellant made manifest to the court any reasons for her failure to comply with the rules relating to this subject the record does not show. As the record stands, we have a plain violation of the rules of court by the appellant. Admitting that the court below had the right to suspend its own rules or to condone their violation, upon proper cause shown, its unwillingness to do so is an exercise of discretion with which an appellate court will not interfere." Later, in the case of Smith v. Smith, 49 Pa. Superior Ct. 423, it was stated: "Moreover, it is a well-established principle that rules of court are made to promote the administration of justice, and necessarily, the courts making such rules must be allowed a wide discretion in their interpretation and application. It is only where the record shows a palpable and manifest abuse of such discretion that the appellate courts would interfere."

The Supreme Court of Pennsylvania has also taken this view. In Gannon v. Fritz, supra, it was stated: "It is not designed to disturb in the slightest way the well-settled principles which recognize the inherent right of the courts of original jurisdiction to establish and enforce rules for the government of their practice. Upon the expediency of a provision that a judgment shall be the penalty for a failure to give notice to a plaintiff of a specification of set-off as a ground of defense, no opinion is expressed. In the ordinary case, the question of expediency, in the language of Rogers, J., in Mylin's Estate, 7 Watts 64, 'is not a question for this court, for it must be left to the sound discretion of every court to regulate its own practice.' In the ordinary case, also, the construction of their own rules by the courts of original jurisdiction is accepted as conclusive, for, as has been repeatedly said, they are their best exponents: Dailey v. Green, 3 Harris 118, 128." In Lance v. Bonnell, supra, judgment was entered on a verdict as no motion for new trial had been filed within four days after the verdict was rendered, as required by the rules of court. Subsequent thereto, the court allowed the motion for new trial to be filed nunc pro tunc and the judgment to be set aside. The Supreme Court sustained the finding of the lower court that it was competent, upon a proper showing, to waive the limitation imposed by its own rule of practice. In Bordentown Banking Co. v. Restein, 214 Pa. 30, the affidavit of defense was filed after the time provision allowed under the act of assembly had expired. The court stated that the affidavit of defense could be filed at any time before judgment was taken for want of an affidavit of defense. In Fuel City Mfg. Co. v. Waynesburg Corp., 268 Pa. 441, judgment was entered against the defendant for failure to file an affidavit of defense within fifteen days after service of the statement of claim upon him. Upon application, the lower court opened the judgment and allowed a defense to be made, a reasonable explanation for the default being offered. The Supreme Court sustained this ruling, stating: "In Sterling v. Ritchey, 17 S. & R. 263, this court opened the judgment, upon facts somewhat similar to the present, Chief Justice Gibson declaring: 'A court ought not to enforce its rules so rigidly as to produce injustice.' Opening the judgment in such case is the proper practice:

See Davidson *v.* Miller, 204 Pa. 223; Roth *v.* Pechin, 260 Pa. 450; King et al. *v.* Brooks et al., 72 Pa. 363. . . .

"We construe the above to mean that a defendant, who has not filed his affidavit of defense within the fifteen days, is in default and liable to have judgment entered against him, but not as a prohibition against filing the affidavit after the time limit, where judgment has not been entered, or, if entered, upon a rule to open it; and section 22 of said act expressly confers upon the court the power to extend the time for filing any pleadings." In Newman *v.* Globe Indemnity Co., 275 Pa. 374, it was held that a court could, in a proper case, disregard a rule of court, the Supreme Court stating: "The court below is the best judge of its own rules, and evidently construed the requirement to apply where the application was made before the introduction of testimony, in order that undue delay might be prevented, and not when the request was made during the course of the trial, when it would be evidence whether the merits of the case were involved. Whether this is true or not, this court will not reverse, though a rule has been disregarded, unless it appears some manifest and palpable injury was worked upon the opposite party: Brennan *v.* Prudential Ins. Co., 148 Pa. 199; Bair *v.* Hubartt, 139 Pa. 96; Gannon *v.* Fritz, 79 Pa. 303. No wrong was done here." In McBeth *v.* Newlin, 15 W. N. C. 129, the power of the court of common pleas to suspend its rules and seal a bill of exceptions after the expiration of the time provided by such rules was held not to be error, the court stating: "It could not have been intended that the court below had no power to suspend its rules and seal a bill after thirty days from the trial."

The right of the court to suspend, modify or rescind its own rules in a proper case seems to us to be so well established as to be incontrovertible. In the case before us the city has averred that a complete investigation of an accident by the city requires forty-five to sixty days after the service upon it of the statement of claim. In view of this undenied averment, we firmly believe that the court is justified in suspending the operation of Rule 226 (d) in so far as this case is concerned. There is nothing in the record to show on what date the statement of claim was served upon the city, and for this reason alone the rule might be dismissed, but even assuming that it was served the same day it was filed, the sci. fa. was issued only thirty-four days after that date, and the city has presented a proper reason justifying its delay. Moreover, the fact that the Board of Judges of Philadelphia County has already seen fit to change the limitation in Rule 226 (d) from fifteen days to thirty days indicates, to our mind, that a certain latitude in its enforcement should be allowed, and that in some cases a proper respect for the requirements of justice might demand the allowance of additional time. Upon a consideration of the averments in the pleadings, we believe that adequate justification for the failure to file the præcipe for sci. fa. within the time allowed by Rule 226 (d) has been disclosed to the court and that the ends of justice require that the additional time taken be allowed. For these reasons, Rule 226 (d) is suspended in so far as this case is concerned.

It must be remembered that the Scire Facias Act to bring additional defendants upon the record is a remedial statute only and that its purpose is to avoid a multiplicity of suits: Vinnacombe *v.* Philadelphia & Am. S., 297 Pa. 564; First Nat. Bank of Pittsburgh *v.* Baird, 300 Pa. 92. In Shapiro *v.* The City of Philadelphia, *supra*, the Supreme Court recognized this distinction, stating: "The procedure in establishing this liability is not specified in the statute, but is wisely left to be worked out by the judiciary. . . . 'In all civil litigation, the trial courts, at least to the extent that they are not inhibited by

statute, have the power to control the procedure so as to attain "justice without sale, denial or delay." It may be said, generally speaking, that, in the absence of applicable legislation, this control is only limited by the constitutional requirements of the right of trial by jury, and the litigant's right to a full and fair hearing before judgment is entered against him.' We also said in Vinnacombe v. Philadelphia & Am. S., 297 Pa. 564, 569, 'The Act is a remedial one. Its purpose is to avoid a multiplicity of suits. . . . Hence the statute is to be liberally construed to advance the legislative purpose.' It follows that if the situation which arises in a given case is not within the strict letter of the act, but is within its spirit and intention, the court should so direct the procedure that the legislative purpose may be enforced, so far as this can properly be done. If this rule is applied to the instant case, all or nearly all of appellant's imagined difficulties will wholly disappear."

And now, to wit, April 13, 1932, the rule to strike off the writ of sci. fa. is discharged.